| | |
|---|---|
| 1 | JaVonne M. Phillips, Esq. SBN 187474 |
| 2 | Kristin A. Zilberstein, Esq. SBN 200041 |
| | **McCarthy & Holthus, LLP** |
| 3 | 1770 Fourth Avenue |
| | San Diego, CA 92101 |
| 4 | Phone (877) 369-6122 |
| 5 | Fax (619) 685-4811 |

Attorneys for Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC2, Mortgage Pass-Through Certificates, Series 2005-WMC2, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

Douglas Wayne Cattich,

    Debtor.

) Case No. 17-10199 J
)
) Chapter 13
)
) **OBJECTION TO CONFIRMATION**
) **OF CHAPTER 13 PLAN**
)
) **341(a) Meeting of Creditors:**
) Date: 5/09/2017
) Time: 11:00 AM
) Place: 777 Sonoma Ave. #116
)      Santa Rosa CA
)
) **Confirmation Hearing:**
) Date: 6/14/2017
) Time: 1:30 PM
) Place: 99 South E Street
)      Santa Rosa CA
)
) Judge: Alan Jaroslovsky

Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC2, Mortgage Pass-Through Certificates, Series 2005-WMC2, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc., ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Douglas Wayne Cattich.

1. Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 1/1/2035 and is secured by a Deed of Trust on the subject property commonly known as 1228 Fair Oaks Ave, Santa Rosa, CA 95404. As of 3/22/2017, the approximate amount in default was $5,218.84. A Proof of Claim detailing the arrearages is forthcoming and will be filed on or before the claims bar date; however, Secured Creditor submits the following objections to timely preserve its rights and treatment under the proposed Plan.

2. The proposed Plan does not provide for pre-petition arrearages owed to Secured Creditor. To cure the pre-petition arrearages of $5,218.84 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $86.98 per month from the Debtor through the Plan. Debtor does not have sufficient funds available to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible. A true and correct copy of Debtor's Schedules I and J are attached hereto as **Exhibit "1".**

3. Without the information in the schedules, Secured Creditor cannot evaluate the Debtor's financial position. Further, the Plan is blank and on the wrong form. Secured Creditor cannot evaluate a blank plan. Therefore, the plan should not be confirmed, and the case should be dismissed. It appears that Debtor is outside the allowable debt limits for a Chapter 13.

4. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

5. The Debtor's plan proposes to pay unsecured creditors ahead of the secured claim of the objecting Creditor. Such a proposal is not allowed and Secured Creditor objects to such a plan. Accordingly, the plan should not be confirmed.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,

**McCarthy & Holthus, LLP**

4/26/2017

By: /s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Attorney for Secured Creditor