DENNIS D. MILLER (SBN 138669)
LUBIN OLSON & NIEWIADOMSKI LLP
Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone:     (415) 981-0550
Facsimile:      (415) 981-4343
dmiller@lubinolson.com

Attorneys for Secured Creditor
FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

DOUGLAS WAYNE CATTICH,

            Debtor.

Case No. 17-10199-AJ

Chapter 13

**DECLARATION OF DENNIS D. MILLER IN SUPPORT OF FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION TO CONVERT CASE TO CHAPTER 7, OR ALTERNATIVELY DISMISS DEBTOR'S CHAPTER 13 CASE [11 U.S.C. §1307(c)]**

Date:      June 2, 2017
Time:      10:00 a.m.
Judge:     Hon. Alan Jaroslovsky
Place:      99 South E Street
       Santa Rosa, California 95404

I, Dennis D. Miller, hereby declare as follows:

        1.      I am an attorney duly licensed to practice law in the State of California and am admitted to practice in the above-referenced Court. I am a partner in the law firm of Lubin Olson & Niewiadomski LLP, counsel for secured creditor First National Bank of Northern California ("FNB"). If called upon to testify as to the facts set forth herein, I could and would competently testify thereto, as the facts set forth herein are personally known to me to be true.

2.    In November 2015, I sent a letter to Douglas W. Cattich ("Debtor") confirming that he had failed to pay the property taxes due on 9408 Willow Avenue, Cotati, California (the "Property") which was the subject of his loan agreement (the "Loan") with FNB's predecessor America California Bank ("ACB"). A true and correct copy of my November 6, 2015 letter to the Debtor is attached hereto as Exhibit 1 and incorporated herein by reference. I informed Debtor that based on his failure to cure the past due property taxes, FNB declared a Loan default and accelerated all amounts due under the loan. Debtor did not respond to my letter.

3.    On December 3, 2015, FNB filed the action titled "First National Bank of Northern v. Douglas W. Cattich, et al., "Sonoma County Superior Court case no. SCV258109" ("FNB Action"). A true and correct copy of FNB's Complaint without exhibits is attached hereto as Exhibit 2 and incorporated herein by reference. FNB is informed and believes the Property value is $900,000 to maybe $1,000,000.

4.    During the FNB Action, Debtor first claimed that FNB did not own or hold title to the ACB July 11, 2007 Loan, and he filed a demurrer to FNB's Complaint. FNB then provided voluminous documents including a copy of the approved merger agreement to Debtor, who then agreed that FNB had provided "sufficient evidence" that FNB held title to and the rights to enforce the Loan. A true and correct copy of Debtor's Statement of Douglas W. Cattich re Meet and Confer is attached hereto as Exhibit 3 and incorporated herein by reference. In said Statement, Debtor acknowledged that FNB had standing to enforce the Loan. Debtor also filed Defendant Douglas W. Cattich's Verified Answer to Plaintiff First National Bank of Northern California's Verified Complaint and Proof of Service Thereon, a true and correct copy of which is attached hereto as Exhibit 4. In his Verified Answer, Debtor admitted executing the Loan documents, and stated he was a "non-corporate entity, an individual who relies upon *Haines v. Keener* (1972) 404 U.S. 519".

5.    During the FNB Action, Debtor refused to respond to FNB's interrogatories, document demands and requests for admissions. FNB filed and served a motion to compel these responses and for deemed admissions which the Sonoma County Superior Court granted on November 8, 2016. True and correct copies of the Miller Declaration with only the

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 2 of 95

request for admissions exhibit and the Court Order Granting First National Bank of Northern California's Motion to Compel Responses, etc, dated November 8, 2016 are attached hereto as Exhibits 5 and 6 respectively. The Sonoma Superior Court issued discovery sanctions of $1,950 against Debtor which he has failed to pay.

6.      At a hearing on March 1, 2017, Judge Peter Ottenweller verbally instructed Debtor to comply with the order granting FNB's motion to compel. Judge Ottenweller also ordered Debtor to comply with FNB's discovery pursuant to the Order re First National Bank of Northern California's Motion to Strike Verified Answer of Douglas W. Cattich, etc, dated March 30, 2017. A true and correct copy of said order is attached hereto as Exhibit 7 and incorporated by reference herein. Debtor continues to refuse to properly respond to FNB's discovery.

7.      Debtor did not assert a cross-complaint in the FNB Action, but then over a year later filed "Douglas W. Cattich v. First National Bank of Northern California" Sonoma Superior Court case no. SCV259999 ("Debtor State Court Action 1"). The Debtor's Complaint, without exhibits, in State Court Action 1 is attached hereto as Exhibit 8 and incorporated herein by reference. Around this time, Debtor was associating with a paralegal Jeff Thomas Smith, who does not work for a law firm and who told me that Debtor would be filing other complaints against FNB. Mr. Smith was referred to the California State Bar for the unauthorized practice of law by United States District Court Judge William H. Alsop on June 1, 2016. Excerpts of the Transcript of Proceedings before Judge Alsop are attached hereto as Exhibit 9 and incorporated herein by reference. At that hearing, Mr. Smith contended that attorneys in California are no longer licensed to practice law, a position taken by members of the Sovereign Citizens Movement. FNB does not presently have any knowledge if Mr. Smith is assisting Debtor in his bankruptcy case.

8.      FNB demurred to Debtor's State Court Action 1 and on April 18, 2017, the Sonoma Superior Court sustained FNB's demurrer pursuant to the Order Sustaining in Part and Overruling in Part First National Bank of Northern California's Demurrer, etc, a true and correct copy of which is attached hereto as Exhibit 10 and incorporated herein by reference.

9.      On February 8, 2017, Debtor filed the case titled "Douglas W. Cattich v.

3 Case No. 17-10199-AJ
DECLARATION OF DENNIS D. MILLER IN SUPPORT OF FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION TO CONVERT CASE TO CHAPTER 7 OR ALTERNATIVELY DISMISS DEBTOR'S CHAPTER 13 CASE

Case: 17-10199   Doc# 23-2   Filed: 04/27/17   Entered: 04/27/17 10:39:07   Page 3 of 95

1    First National Bank of Northern California, Daniel Serbin, Thomas McGraw" Sonoma Superior

2    Court case no.SCV260140 ("Debtor State Court Action 2"). A copy of the first 9 pages of the

3    February 8, 2017 complaint is provided and the entire 109 page complaint will be produced at the

4    Court's request. Said excerpt of the Debtor State Court Action 2 complaint is attached hereto as

5    Exhibit 11 and incorporated herein by reference. In response to FNB's demurrer to Debtor State

6    Court Action 2, Debtor filed an Amended Complaint and added me as a defendant. FNB has

7    demurred to the State Court Action 2 which is set for hearing on May 24, 2017. Defendant

8    McGraw, an officer of FNB filed a motion to quash service which was granted. Defendant

9    McGraw and I have yet to be served as required by California law.

10           10.    As of the date of this declaration, FNB has incurred fees and cost in excess

11   of $115,000 in prosecuting and defending the herein referenced cases, and continues to incur

12   ongoing fees and costs.

13           I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct.

15

16   Dated:  April 27, 2017

17                                              Dennis D. Miller, Declarant

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# EXHIBIT 1

# LUBIN | OLSON

## LUBIN OLSON & NIEWIADOMSKI LLP

THE TRANSAMERICA PYRAMID
600 MONTGOMERY STREET, 14TH FLOOR   SAN FRANCISCO, CALIFORNIA 94111
TEL 415 981 0550   FAX 415 981 4343   WEB lubinolson.com

November 6, 2015

**DENNIS D. MILLER**
Direct Dial:  (415) 955-5026
E-mail:  dmiller@lubinolson.com

Douglas W. Cattich, dba Sunset House
9408 Willow Avenue
Cotati, CA  94931

> Obligations of Douglas W. Cattich, dba Sunset House, to
> First National Bank of Northern  California
> Pursuant to Promissory Note dated July  11,  2007

Dear Mr. Cattich:

Our firm represents First National Bank of Northern California ("FNB") with reference to your above obligations to FNB.  As you know, FNB is the successor-in-interest to America California Bank and FNB now holds all rights, title and interest in and to the obligations previously owing from you to America California Bank.

Your obligations to FNB consist in part of the loan obligation pursuant to the Promissory Note, dated July 11, 2007 in the original principal amount of $633,750.00 (the "Note").  Payment of the amounts due under the Note is secured in part by the Deed of Trust on the real property commonly known as 9408 Willow Avenue, Cotati, California, 94931 (the "Property") and the Commercial Security Agreement executed in favor of FNB.

Pursuant to the terms of the Deed of Trust, you are required to timely pay all taxes, special taxes, assessments, charges, etc. on the Property when due and payable.  Your failure to timely pay these property taxes constitutes an Event of Default under the terms of the loan documents.

FNB has sent correspondence to you on May 22, 2015 and October 7, 2015 confirming that you were past due on the property taxes for 2014 and the first installment due in April 2015.  According to the Sonoma County offices, the amount past due in property taxes is now $7,847.23.  Despite FNB's two demands upon you to pay the delinquent taxes current and provide proof of such payment to FNB, you have failed to comply with these demands.  Your failure to cure the property tax delinquencies results in the Event of Default under the loan documents.

Pursuant to the terms of the Note and the Event of Default, please be advised that FNB has increased the interest rate under the terms of the Note to the default interest rate of 18.00%.  In addition, pursuant to the Event of Default, FNB hereby accelerates all amounts due and owing under the terms of the Note and demands payment in full.  Finally, pursuant to the

**EXHIBIT 1**

Douglas W. Cattich
November 6, 2015
Page 2

Event of Default, FNB will proceed to exercise its rights and remedies under the terms of the loan documents, including but not limited to, foreclosing on the Property.

If you have any questions, please feel free to contact me.

Very truly yours,

Dennis D. Miller

DDM

19120126/558638v1

# Exhibit 2

# EXHIBIT 2



1  Dennis D. Miller (SBN 138669)
   Abram Petersen (SBN 227174)
2  LUBIN OLSON & NIEWIADOMSKI LLP
   Transamerica Pyramid
3  600 Montgomery Street, 14th Floor
   San Francisco, California 94111
4  Telephone:    (415) 981-0550
   Facsimile:    (415) 981-4343
5  dmiller@lubinolson.com
   apetersen@lubinolson.com
6
   Attorneys for Plaintiff
7  FIRST NATIONAL BANK OF NORTHERN
   CALIFORNIA
8

 ENDORSED FILED

DEC -3 2015

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

9          SUPERIOR COURT OF CALIFORNIA

10              COUNTY OF SONOMA

11             UNLIMITED JURISDICTION

12

13  FIRST NATIONAL BANK OF            Case No. SCV258109
    NORTHERN CALIFORNIA, a national
14  banking association,              VERIFIED COMPLAINT FOR:

15              Plaintiff,            (1) FORECLOSURE OF DEED OF TRUST;
                                      (2) SPECIFIC PERFORMANCE FOR
16        v.                             APPOINTMENT OF RECEIVER AND
                                         INJUNCTIVE RELIEF;
17  DOUGLAS W. CATTICH, an individual, (3) CLAIM AND DELIVERY; and
    aka DOUGLAS CATTICH, aka          (4) CONVERSION
18  DOUGLAS W. CATTICH, dba SUNSET
    HOUSE, an individual; and DOES 1     INDEX OF EXHIBITS
19  through 20, inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

19120126/558656v1                                              Case No.

VERIFIED COMPLAINT

Plaintiff First National Bank of Northern California ("FNB") complains and alleges as follows:

### **GENERAL ALLEGATIONS**

1.     At all times herein mentioned, plaintiff FNB was, and now is, a national banking association bank with its principal place of business in South San Francisco, California.

2.     FNB is informed and believes, and on that basis alleges, that at all times mentioned herein defendant Douglas W. Cattich, aka Douglas Cattich, aka, Douglas W. Cattich, dba Sunset House ("Cattich") was, and now is, an individual residing in Cotati, California.

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 20, inclusive, are unknown to FNB who therefore sues said defendants by such fictitious names.  FNB is informed and believes and thereupon alleges that each defendant designated as a Doe has, or claims to have, some interest in or to the property subject to the deed of trust hereinafter described, which interest or claim is subsequent to and junior to the lien of the deed of trust.  When FNB ascertains the true names and capacities of Does 1 through 20, it will ask leave of this Court to amend its complaint by setting forth the same.

4.     The within action is not subject to the provisions of sections 2981, *et seq.*, of the Civil Code of the State of California.  The within action is not subject to the provisions of sections 1801, *et seq.*, of the Civil Code of the State of California.

5.     FNB is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants named in the caption of this complaint, which is incorporated herein by this reference, was, and now is, the agent, servant and employee of each of the other defendants, and all of the things alleged to have been done by said defendants were done in the capacity of, and as agents of, the other defendants.

6.     The real property subject to the judicial foreclosure cause of action is located in the County of Sonoma, California.  Therefore, pursuant to California Code of Civil Procedure § 392, venue is proper in this Court.

/ / /

/ / /

19120126/558656v1                                              1                                              Case No.

VERIFIED COMPLAINT

## FIRST CAUSE OF ACTION
### (Foreclosure of Deed of Trust)

7.     FNB repeats and realleges the allegations contained in paragraphs 1 through 6, inclusive, and incorporates by reference the allegations as though set forth in full herein.

8.     On or about July 11, 2007, Cattich executed in favor of America California Bank the Promissory Note, dated July 11, 2007 in the original principal sum of Six Hundred Thirty-three Thousand, seven hundred fifty dollars ($633,750.00) (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A and is incorporated herein by reference as though set forth in full. Pursuant to the terms of the Note, America California Bank advanced to or on behalf of Cattich the principal sum of $633,750.00.

9.     On or about July 11, 2007, Cattich entered into the Business Loan Agreement, dated July 11, 2007 ("BLA") in favor of America California Bank. A true and correct copy of the BLA is attached hereto as Exhibit B and incorporated herein by reference as though set forth in full.

10.     Pursuant to the terms of the Note, commencing on August 11, 2007, Cattich promised and agreed to pay to America California Bank sixty monthly payments of principal and interest of $5,266.74 per month and then fifty-nine monthly payments of principal and interest of $5,460.21, with interest at the rates set forth in the Note, and then one final balloon payment of all unpaid principal, interest and all other charges due on July 11, 2017.

11.     The Note provides, *inter alia*, that in the event any payment is more than 10 days past due, America California Bank is entitled to recover a late charge of 5.0% of the unpaid regularly scheduled payment. The Note also provides that interest continues to accrue on all amounts due and owing to America California Bank from Cattich under the terms of the Note.

12.     The Note and Loan Agreement further provide that should Cattich default by failing to make any monthly payment when due, or default under the performance of any other terms or conditions of any related document, America California Bank may declare all sums due and owing under the Note to be immediately due and payable. The Note also provides that

1   should Cattich default by failing to make any payment when due, or breaching any term,

2   condition or covenant of the Note or related documents, that America California Bank can take

3   possession of, among other things, the property taken as security for payment of the Note.

4       13.     In connection with the Note and Loan Agreement, on or about July 11,

5   2007, Cattich executed in favor of America California Bank the Deed of Trust against the real

6   property commonly known as 9408 Willow Avenue, Cotati, California 94931 (the "Property") for

7   the purpose of securing repayment of the Note. A true and correct copy of the Deed of Trust is

8   attached hereto as Exhibit C and is incorporated herein by reference as though set forth in full.

9   On or about July 31, 2007, the Deed of Trust was duly recorded in the Official Records of the

10  County of Sonoma as Instrument Number 2007084996. The Deed of Trust encumbers the

11  Property. Cattich is the record owner of the Property.

12      14.     On or about July 11, 2007, Cattich executed in favor of America California

13  Bank the Commercial Security Agreement ("Security Agreement"). A true and correct copy of

14  the Security Agreement is attached hereto as Exhibit D and incorporated herein by reference as

15  though set forth in full. Pursuant to the Security Agreement, Cattich granted a security interest to

16  America California Bank in all assets owned by Cattich. America California Bank perfected its

17  security interest in all of Cattich's assets by filing a UCC-1 financing statement with the

18  California Secretary of State.

19      15.     In 2015, FNB acquired all rights, title and interest in and to the Note, the

20  BLA, the Deed of Trust, the Security Agreement and all related loan documents by merger with

21  America California Bank. FNB now holds all rights, title and interest to said loan by America

22  California Bank to Cattich.

23      16.     The Deed of Trust requires Cattich to pay all property taxes, special taxes,

24  charges, fines, etc., assessed against the Property. Cattich defaulted under the Note, the BLA and

25  the Deed of Trust by, among other things, failing to pay all property taxes assessed against the

26  Property. As of December 1, 2015, not less than the sum of $7,847.23 of property taxes, charges,

27  fines, etc. are past due and unpaid and subject to a lien against the Property. After giving multiple

28  notices of the payment default to Cattich, Cattich failed to pay all such taxes current under the

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 12
of 95

terms of the Note and Deed of Trust. Pursuant to the terms of the Note, FNB elected to declare the unpaid balance due thereunder to be immediately due and payable in full. After the default and FNB's acceleration, FNB made demand for payment of all amounts due and owing under the Note. Cattich has failed and refused to satisfy FNB's demand.

17. As of November 18, 2015, there was due, owing and payable to FNB, pursuant to the terms of the Note, the following:

| Description | Amount |
|---|---|
| Principal Amount Due | $550,670.43 |
| Interest through November 20, 2015 | $910.13 |
| Unpaid Property Taxes | $7,847.23 |
| Total | $559,427.79* |

* Interest, late charges, and all other charges continues to accrue under the terms on the Note from November 18, 2015 until paid in full or date of entry of judgment.

18. The Deed of Trust further provides that, should a default occur in the performance of any obligation due in the Note, the BLA or the Deed of Trust, FNB may take possession of the Property. The Deed of Trust also provides that, in the event Cattich is in default under the Note, the BLA or the Deed of Trust, FNB may foreclose on the Deed of Trust.

19. Pursuant to the terms of the Note, BLA and the Deed of Trust, Cattich agreed to pay FNB's reasonable attorneys' fees and costs incurred in enforcing its rights under the Deed of Trust. FNB has employed the law firm of Lubin Olson & Niewiadomski LLP, licensed and practicing attorneys in the State of California, for the purpose of instituting and prosecuting this action. FNB is entitled to recover its reasonable attorneys' fees and costs incurred herein.

20. FNB has duly performed all conditions precedent on its part required to be performed under the Note, BLA and the Deed of Trust, if any.

## SECOND CAUSE OF ACTION
### (Specific Performance for Appointment of Receiver)

21. FNB repeats and realleges the allegations contained in paragraphs 1 through 20 of its First Cause of Action, inclusive, and incorporates by reference the allegations as though set forth in full herein.

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 13
of 95

22.     Pursuant to the terms of the Deed of Trust, Cattich granted, transferred and assigned, in trust, the Property together with all easements, rights, privileges, franchises, and appurtenances thereto, and absolutely assigned all rents to America California Bank for the purpose of securing payment of the indebtedness evidenced by the Note. FNB is now the lawful owner and holder of the Note and the beneficial interest under the Deed of Trust.

23.     At all times mentioned herein, Cattich was, and is, in complete control and management of the Property.

24.     Cattich defaulted under the terms of the Note, the BLA and the Deed of Trust by, among other things, failing to pay current all real property taxes assessed against the property. FNB has demanded that Cattich cure the tax default by paying all past due taxes, charges and penalties current but Cattich has failed to do so.

25.     Unless a receiver is appointed and instructed to take possession of the Property, FNB will be materially injured as Cattich will continue to take and/or divert the rents, issues and profits.

26.     There is no plain, adequate or speedy remedy at law for the enforcement of the terms of the Note and the Deed of Trust or to compensate FNB for the damage caused to it by reason of Cattich's defaults under the terms of the Note, the BLA and the Deed of Trust.

27.     By reason of the said facts, FNB prays that this Court appoint a receiver in accordance with Code of Civil Procedure Section 564 to take control of and manage the Property.

28.     FNB further seeks a temporary restraining order and preliminary and permanent injunctions, in aid of the receiver, restraining and enjoining defendants and their agents, servants and employees, and all those acting in concert with them, and each of them, from engaging in or performing, directly or indirectly, any of the following acts:

(a)     Interfering, hindering, or molesting in any manner whatsoever, the receiver in the performance of the receiver's duties;

(b)     Transferring, concealing, destroying, defacing or altering any of the instruments, documents, ledger cards, books, records, printouts or other writings relating to the Property, or any portion thereof; and

Case: 17-10199     Doc# 23-2     Filed: 04/27/17     Entered: 04/27/17 10:39:07     Page 14
of 95

(c)     Demanding, collecting, receiving, or in any way diverting or using any of the rents, profits, income, issues, payments or lease payments, emanating from the Property or any portions thereof, including, but not limited to, any rents or lease payments are or hereafter to become due under any rental or lease agreement.

### THIRD CAUSE OF ACTION
**(Recovery of Personal Property – Claim and Delivery)**

29.     FNB repeats and realleges the allegations contained in paragraphs 1 through 20, above, inclusive, and by reference thereto incorporates the same as though set forth in full herein.

30.     The Security Agreement provides that upon the breach of any of the terms thereof, FNB is entitled to take possession of the property described in the Security Agreement, i.e., the Personal Property Collateral.

31.     FNB is informed and believes and, on that basis alleges, that the Personal Property Collateral is now in the possession of defendants. Before the commencement of this action, FNB demanded of defendants that they deliver up possession of the Personal Property Collateral to FNB, but defendants refused to do so, and still unjustly detain same from FNB. FNB is entitled to immediate possession of the Personal Property Collateral.

32.     By reason of the wrongful withholding by defendants, FNB is entitled to the return of the Personal Property Collateral, plus damages for loss of use of the Personal Property Collateral in a sum equal to accrued interest at the rate of interest provided in the Note secured thereby from the date of wrongful withholding until paid in full or date of entry of judgment, all forms of damages by whatever name FNB may be entitled to recover for the wrongful withholding, and a sum equal to FNB's reasonable attorneys' fees. In the alternative, FNB is entitled to recover from defendants payment for the actual value of the Personal Property Collateral according to proof, plus damages for loss of use of said property in a sum equal to accrued interest at the rate of interest provided in the Note secured thereby from the date of wrongful withholding and a sum equal to its reasonable attorneys' fees.

33.     FNB has duly performed all conditions precedent required on its part

Case: 17-10199     Doc# 23-2     Filed: 04/27/17     Entered: 04/27/17 10:39:07     Page 15
of 95

1  required to be performed.

2  **FOURTH CAUSE OF ACTION**
3  **(Conversion)**

4  34.     FNB repeats and realleges the allegations contained in paragraphs 1

5  through 20, and paragraphs 29 through 33, above, inclusive, and by reference thereto incorporates

6  the same as though set forth in full herein.

7  35.     FNB is informed and believes and, on that basis, alleges that defendants,

8  prior to the commencement of this action, wrongfully sold or otherwise converted to their own

9  use the Personal Property Collateral.  By reason of the wrongful conversion by defendants, FNB

10  is entitled to damages including the value of the Personal Property Collateral, plus interest at the

11  rate of interest provided in the Note on the actual value of the Personal Property Collateral,

12  according to proof, from the date of conversion, until paid in full or date of entry of judgment,

13  plus all forms of damages, by whatever name that FNB may be entitled to recover for the

14  conversion, and a sum equal to its reasonable attorneys' fees.

15  WHEREFORE, FNB prays for judgment against defendants, and each of them, as

16  follows:

17  **PRAYER**

18  **On the First Cause of Action**

19  1.     That the Deed of Trust be foreclosed, that the Property be sold according to

20  law by a levying officer to be appointed by the Court, that the proceeds of the sale be applied in

21  payment of the amounts due to FNB, that each defendant and all persons claiming under each

22  defendant, after execution of the Deed of Trust, whether as lien claimant, judgment creditor,

23  claimant under a junior trust deed, purchaser, lienholder, or otherwise, be barred and foreclosed

24  from all rights, claims, interests or equity of redemption in the Property and every part of the

25  Property when time for redemption has elapsed;

26  2.     For reasonable attorneys' fees;

27  3.     That judgment be entered adjudging that all rights, claims, ownership,

28  liens, titles, and demands of defendants, jointly and severally, are subsequent to and subject to the

19120126/558656v1                                7                                Case No.

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 16
of 95

lien of the Deed of Trust;

4. That judgment be entered against all defendants and that said defendants are personally liable for payment of the obligations secured by the Deed of Trust, and that a deficiency judgment may be ordered following proceedings prescribed by law;

5. That FNB or any other parties to this action are allowed to become a purchaser at the foreclosure sale;

6. Directing the levying officer, after the time for redemption has elapsed to execute a deed to the purchaser of the Property at the sale, and directing that the purchaser be let into possession of the Property on production of the levying officer's deed; and

7. That FNB be awarded additional sums, if any, as it may hereafter expend to protect its security interest in the Property, together with interest thereon at the legal rate, according to proof;

### On the Second Cause of Action

8. That a decree be entered for the specific performance by Cattich of the provisions of the Deed of Trust, giving FNB the right to enter into possession of the Property, either in person or by a receiver appointed by the Court to manage, control, care for, preserve, maintain, and incur the expenses necessary for the management, control, care preservation, and maintenance of the Property, and specifically, that the Court authorize the receiver to:

    (a) Immediately repair the Property, if required;

    (b) Maintain the Property in a good and habitable condition, to pay any taxes or assessments falling due during the period of the receivership, and to otherwise employ labor as may be necessary, purchase supplies, and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar property; and

    (c) Take whatever steps are necessary to protect the Property subject to the Deed of Trust from damage by vandalism, elements or other hazards;

9. That the receiver be allowed a fee, for the services he renders hereunder, which shall be fixed by order of the Court and paid upon discharge, or earlier if so ordered by the Court, and be authorized to employ attorneys and to pay reasonable attorneys' fees, as approved

by the Court, for services rendered to him in the course of his receivership;

        10.    That defendants and their respective assignees and employees be restrained from interfering with the exercise by FNB or the receiver of any rights conferred upon either of them by the Deed of Trust;

        11.    That defendants and their agents and employees be required to turn over to the receiver all documents, leases, contracts and other instruments relating in any manner to the properties;

        12.    That FNB recover from defendants its attorneys' fees incurred by reason of this action as shall be found by the Court to be reasonable; and

        13.    That a temporary restraining order, preliminary injunction be entered prohibiting defendants from interfering, hindering, or molesting in any manner whatsoever, the receiver in the performance of the receiver's duties, and transferring, concealing, destroying, defacing or altering any of the instruments, documents, ledger cards, books, records, printouts or other writings relating to the Property, or any portion thereof;

## On the Third and Fourth Causes of Action

        14.    For possession of the Personal Property Collateral and a judicial determination that the net proceeds of the sale of the Personal Property Collateral be applied to all amounts due to FNB and that defendants are liable to FNB for the payment of all remaining sum due under the terms of the Note and the Security Agreement after application of the net proceeds of sale by for reason of FNB's Third and Fourth Causes of Action.

        15.    For an order compelling defendants to return the Personal Property Collateral, plus damages for loss of use of the Personal Property Collateral in an amount according to proof, accrued interest at the maximum rate of interest as provided in the Note, all other forms of damages by whatever name FNB may be entitled to recover for the wrongful withholding, and a sum equal to FNB's reasonable attorney's fees; or, in the alternative, for an Order compelling defendants to pay the actual value of the Personal Property Collateral, according to proof, plus damages for loss of use of the Personal Property Collateral in a sum equal to accrued interest at the maximum rate of interest provided in the Note from the date of

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 18 of 95

1  wrongful withholding until paid in full or date of entry of judgment, all other forms of damages

2  by whatever name that FNB may be entitled to recover for the wrongful withholding, and a sum

3  equal to its reasonable attorneys' fees by reason of its Third and Fourth Causes of Action; and

4          16.     For a sum equal to the actual value of the Personal Property Collateral, plus

5  damages for loss of use of the Personal Property Collateral in the sum equal to accrued interest at

6  the maximum legal rate as provided in the Note from the date of conversion to the date of the

7  entry of judgment and all other forms of damages by whatever name that FNB may be entitled to

8  recover for the conversion by reason of its Fourth Cause of Action.

9          **On All Causes of Action**

10         17.     For costs of suit herein incurred; and

11         18.     For such other and further relief as this Court may deem just and proper.

12

13  Dated: December 2, 2015          LUBIN OLSON & NIEWIADOMSKI LLP

14

15                          By: _____

16                          Dennis D. Miller
                            Attorneys for Plaintiff
17                          FIRST NATIONAL BANK OF NORTHERN
                            CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 19
of 95

1                                    **VERIFICATION**

2         I, Daniel McKenzie, declare:

3         I am a Vice President of First National Bank of Northern California, the holder of

4 the loan which is the subject of this action. I have read the foregoing VERIFIED COMPLAINT

5 FOR (1) FORECLOSURE OF DEED OF TRUST; (2) SPECIFIC PERFORMANCE FOR

6 APPOINTMENT OF RECEIVER AND INJUNCTIVE RELIEF; (3) CLAIM AND DELIVERY;

7 and (4) CONVERSION and know the contents thereof; and the same is true of my own

8 knowledge, except as to the matters which are stated upon information and belief, and as to those

9 matters, I believe my information to be true and correct.

10         I declare under penalty of perjury under the laws of the state of California that the

11 foregoing is true and correct.

12 Dated: December _2_, 2015

                                    DANIEL McKENZIE, Declarant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19120126/558656v1

Case: 17-10199   Doc# 23-2   Filed: 04/27/17   Entered: 04/27/17 10:39:07   Page 20 of 95

| | |
|---|---|
| 1 | **INDEX OF EXHIBITS** |
| 2 | EXHIBIT A          Promissory Note, dated July 11, 2007 |
| 3 | EXHIBIT B          Business Loan Agreement, dated July 11, 2007 |
| 4 | EXHIBIT C          Deed of Trust, dated, July, 11, 2007 |
| 5 | EXHIBIT D          Commercial Security Agreement, dated July 11, 2007 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

19120126/558656v1

INDEX OF EXHIBITS

# Exhibit 3

# EXHIBIT 3



1  **DOUGLAS W. CATTICH**
   9408 Willow Ave.
2  Cotati, CA 94931
   Telephone (707) 246-8894
3  Email: cotati@comcast.net

4  *Pro Per* Defendant

FILED
SUPERIOR COURT
OF CALIFORNIA

MAR 25 2016

COUNTY OF SONOMA
BY _____
      Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SONOMA, UNLIMITED JURISDICTION**

11 **FIRST NATIONAL BANK OF**              **CASE NO. SCV258109**
   **NORTHERN CALIFORNIA, a national**
12 **banking association,**                [Assigned to the *Hon. Gary Nadler*
                                           for All Purposes]
13              Plaintiff,
                                           **STATEMENT OF DEFENDANT**
14                                         **DOUGLAS W. CATTICH RE**
   vs.                                     **MEET AND CONFER**
15
   **DOUGLAS W. CATTICH, an individual,**  Date: March 30, 2016
16 **aka DOUGLAS CATTICH, aka**            Time: 3:00 p.m.
   **DOUGLAS W. CATTICH, dba SUNSET**      Dept.: 17
17 **HOUSE, an individual; and DOES 1**
   **through 20, inclusive,**
18
19              Defendants.
20

21         **COMES NOW** Defendant **DOUGLAS W. CATTICH** ("Defendant" or

22 "CATTICH"), appearing as a *pro se* Defendant and without legal counsel, and makes the

23 following attestations concerning the results of a meet and confer between Plaintiff **FIRST**

24 **NATIONAL BANK OF NORTHERN CALIFORNIA, a national banking**

25 **association,** ("Plaintiff" or "FNB") and CATTICH, in compliance with this Court's

26 directive within a Notice of Informal Conference and Sanctions pursuant to CCP §177.5:

27     1. Plaintiff commenced this action on December 3, 2015.

28

1    2.    Defendant was served with the Summons and Complaint by personal service
2    on December 4, 2015.
3    3.    Defendant CATTICH served and filed a Demurrer to Plaintiff FNB'S
4    Complaint with this Court on January 5, 2016, which was set for hearing on March 30,
5    2016, at 3:00 p.m.
6    4.    On the date of Defendant's filing of the subject Demurrer, this Court directed
7    the parties to this Case to meet and confer pursuant to CCP §177.5, in order to potentially
8    devise and agree upon a solution to the arguments within Defendant's Demurrer; and
9    within such directive, Defendant is to file a statement as to the informal resolution, if any,
10   as a result of such informal conference.
11   5.    In compliance with this Court's Notice of Informal Conference and
12   Sanctions, the Parties have met and conferred, telephonically, on March 14, 2016.
13   6.    Pursuant to the meet and confer described within the preceding paragraph,
14   CATTICH informed that all payments to FNB by CATTICH were current as of the date of
15   the filing of Plaintiff's Complaint, and Defendant is to provide proof of same to counsel
16   for Plaintiff.
17   7.    Furthermore, CATTICH informed counsel for Plaintiff, that CATTICH has
18   paid all property taxes on the subject property located at 9408 Willow Avenue, Cotati,
19   California 94931 (the "Property") current since the filing of Plaintiff's Complaint, and
20   CATTICH is to provide proof of same to Plaintiff.
21   8.    Plaintiff has provided verification and documentation of the merger between
22   FNB and the original lender, **AMERICA CALIFORNIA BANK** ("ACB"), that appears
23   to be sufficient evidence that FNB has standing concerning the mortgage and those
24   specific negotiable instruments subject to the Property.
25   9.    Based upon the foregoing, FNB and CATTICH have agreed that
26   circumstances appear to exist that will likely result in a mutual settlement concerning the
27   allegations contained within FNB'S Complaint for Judicial Foreclosure.
28   10.   At the time of the informal conference had between the Parties to this Case,

1  it was agreed that Defendant CATTICH notice this Court and all Parties to this Case of
2  Defendant's withdrawal of his Demurrer to Plaintiff's Complaint, which has been
3  submitted to this Court and served upon Plaintiff in conjunction with this Statement.
4      11.    Upon the withdrawal of Defendant's Demurrer to Plaintiff's Complaint, it
5  was agreed by both Plaintiff and Defendant, that CATTICH be granted an extension of
6  time to file an answer or otherwise respond to FNB'S Complaint, in hopes that a settlement
7  between the parties can be mutually agreed upon before such extension shall expire.
8      12.    Plaintiff and Defendant will have executed a Stipulation for the extension of
9  time for Defendant to answer or otherwise respond to Plaintiff's Complaint pursuant to
10 California Rules of Court 3.110(e), with a request for an order to be entered upon such
11 terms and conditions, at the time of the filing of this Statement, or at a time immediately
12 thereafter.
13      This Statement is submitted by Defendant **DOUGLAS W. CATTICH**, and the
14 attestations made herein are true and correct to the best of my information and belief.
15      Executed this _____ day of March, 2016, at Cotati, California.
16
17                      **DOUGLAS W. CATTICH**
18
19
20  By: _____
21                      **DOUGLAS W. CATTICH**
                        *Pro Per* Defendant
22
23
24
25
26
27
28

**PROOF OF SERVICE**

1

2     I reside in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action. My address is

3 _____.

4     On March _25_, 2016, I served the foregoing documents, described as:

5

6 **STATEMENT OF DEFENDANT DOUGLAS W. CATTICH**
**RE MEET AND CONFER**

7 on each interested party in this action, as follows:

8 **SEE ATTACHED SERVICE LIST**

9

10 ☒     **BY MAIL.** I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party as set forth above. I placed each such

11 envelope, with postage thereon fully prepaid, for collection and mailing at, __Cotati__,

12 California. I am readily familiar with the procedures for processing correspondence for mailing with the United States Postal Service, local office in __Cotati__, California.

13 Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a

14 party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this Proof of

15 Service.

16     Executed on March _25_, 2016, at _SanTa ROSA_, California.

17     I declare under penalty of perjury under the laws of the State of California that the

18 foregoing is true and correct.

19

20

21 _____
[Signature of Person Who Served]

22

23 _____
[Printed Name of Person Who Served]

24

25

26

27

28

# Exhibit 4

# EXHIBIT 4

DOUGLAS W. CATTICH
9408 Willow Ave.
Cotati, CA 94931
Telephone (707) 246-8894
Email: cotati@comcast.net

*Pro Per* Defendant

FILED
SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

APR 15 2016

BY_____
DEPUTY CLERK

1
2
3
4
5
6
7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA, UNLIMITED JURISDICTION

| | |
|---|---|
| FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS W. CATTICH, an individual, aka DOUGLAS CATTICH, aka DOUGLAS W. CATTICH, dba SUNSET HOUSE, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. SCV258109<br><br>[Assigned to the *Hon. Gary Nadler* for All Purposes]<br><br>DEFENDANT DOUGLAS W. CATTICH'S VERIFIED ANSWER TO PLAINTIFF FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S VERIFIED COMPLAINT and PROOF OF SERVICE THEREON |

COMES NOW, Defendant **DOUGLAS W. CATTICH** (a non-corporate entity, an individual who relies upon *Haines v. Kerner*, (1972) 404 U.S. 519) (hereinafter referred to as "CATTICH" or "Defendant"), and hereby answers the Verified Complaint filed by Plaintiff **FIRST NATIONAL BANK OF NORTHERN CALIFORNIA** (hereinafter referred to as "FNB" or "Plaintiff") as follows:

1      1.     Pursuant to California Code of Civil Procedure §431.30, Defendant denies

2 generally and specifically each and every allegation of FNB'S Verified Complaint,

3 including its purported causes of action for: (a) Foreclosure of a Deed of Trust; (b)

4 Specific Performance for Appointment of a Receiver; (c) Claim and Delivery; and (d)

5 Conversion, as contained therein, and in particular, Defendant denies that FNB has

6 suffered any damages as alleged by Plaintiff in its Complaint, nor has FNB suffered any

7 damages by virtue of any conduct of Defendant.

8      2.     Furthermore, CATTICH denies that FNB sustained any injuries, damages, or

9 losses, whatsoever, by reason of any act or omission, whether active or passive, expressed

10 or implied, breach of warranty or contract, violation of any statutes, or any other conduct

11 or absence thereon, on the part of CATTICH, or any agent, servant, or employee of

12 CATTICH; and CATTICH further denies that Defendant was negligent, reckless, careless,

13 breached any contract, acted unlawfully or was guilty of any other wrongful or recoverable

14 act or omission whatsoever, against or involving Plaintiff in any manner or circumstance.

15      3.     Plaintiff brings this suit for demand of monies in an actual amount in a total

16 sum less than Ten Thousand Dollars ($10,000.00), which Plaintiff alleges to be in an

17 actual amount of $7,847.23, for "property taxes, charges, fines, etc.", and due to the

18 amount of damages Plaintiff alleges to suffer, Plaintiff's Complaint has been filed in the

19 wrong jurisdiction, and such alleged damages should therefore be adjudicated in the lower

20 Superior Court, of that with jurisdiction over "Limited Cases".

21      4.     Additionally, Plaintiff has not provided an accounting, detailed statement, or

22 a bill for the alleged "past due" property tax of which Plaintiff contends is due to be paid

23 by CATTICH according to FNB'S Complaint, and furthermore, such written accounting or

24 statement would prove to this Court of Defendant's one and only wrongdoing as purported

25 within FNB's Verified Complaint, and of which would possibly support Plaintiff's demand

26 for monies, excepting for that property taxes are not to be paid to, nor are property taxes

27 due and owing to, FNB.

28

1      5.     Plaintiff brings this suit for demand of monies which Plaintiff alleges is due

2 from Defendant, however, Plaintiff has only alleged that Defendant owes past due property

3 taxes, which are not payable to Plaintiff, and of which Plaintiff has not paid on

4 Defendant's behalf, nor has Plaintiff had to pay same on behalf of Plaintiff. As a matter of

5 fact, Defendant has paid the property taxes current, including the alleged "past due and

6 unpaid" balance as stated in FNB'S Verified Complaint (Pl. Complaint, ¶16, Ln. 26 - 27).

7      6.     CATTICH still stands on the grounds that Plaintiff's Complaint has no valid

8 basis, grounds or standing to support any claims against Defendant, as CATTICH set forth

9 in his Demurrer to Plaintiff's Complaint. CATTICH only withdrew Defendant's

10 Demurrer, based on the premises that CATTICH believed that the parties were close in

11 entering into terms of a mutual settlement upon after CATTICH conversing telephonically

12 with Plaintiff's Counsel of record herein, as required by this Court in its Notice of Informal

13 Conference and Sanctions as per CCP §177.5, dated January 5, 2016; however, since the

14 date of that telephonic conference had on Monday, March 14, 2016, Plaintiff has not

15 shown any true intent to settle any matters relative to FNB's Complaint.

16      7.     Defendant CATTICH affirms and admits to those statements made in

17 Paragraphs 2, 3, 5, 6, 9, 11, 13, 14, and 23 of Plaintiff FNB'S Verified Complaint.

18      8.     As to Paragraph 1 of Plaintiff's Verified Complaint, Defendant is not aware

19 of FNB'S status as a national banking association, or to where FNB primarily operates

20 business, therefore CATTICH is uncertain as to the statements made by Plaintiff therein,

21 and Defendant thereby denies each and every allegation contained within said Paragraph.

22      9.     As to Paragraph 4 of FNB'S Verified Complaint, CATTICH denies,

23 generally, each and every allegation and statement contained therein.

24      10.     CATTICH affirms, in part, to those statements made within Paragraph 8 of

25 Plaintiff's Verified Complaint, with the exception that the subject Promissory Note dated

26 July 11, 2007, and executed on or about July 20, 2007 (hereinafter referred to as the

27 "Note"), indicating the beneficiary thereto to be **AMERICA CALIFORNIA BANK**

28

1  (hereinafter referred to as "ACB") actually involved a refinancing of a preexisting
2  residential home loan for Defendant's primary residence.

3      11.    CATTICH partially affirms the allegations set forth in Paragraph 10 of
4  FNB'S Verified Complaint, noting that since the date of execution by CATTICH of the
5  secured instruments subject to the alleged loan on the subject Property, on or about July
6  20, 2007, the loan terms were modified as mutually agreed upon by the true parties to the
7  alleged loan transaction, of which such modified terms and conditions were perfected in a
8  fully executed Modification of Terms and Conditions of Loan Agreement.

9      12.    CATTICH affirms to the content of Paragraph 12 of Plaintiff's Complaint,
10  however, with reservation, as CATTICH does not affirm that the provisions as stated
11  therein apply in the instance, as Defendant denies being in any breach of the contractual
12  terms and conditions of the entire alleged loan transaction.

13      13.    Defendant CATTICH is uncertain as to the statements made by FNB within
14  Paragraph 15 of its Verified Complaint, and thereby Defendant denies each and every
15  allegation contained within said Paragraph.

16      14.    CATTICH denies, partially, those attestations made within Paragraph 16 of
17  FNB'S Verified Complaint: Defendant affirms CATTICH'S requirement to pay property
18  taxes that become due for the subject Property, however, CATTICH denies that the
19  property taxes were "past due" as property taxes due for the period ending in December,
20  2015, were due, but were not past due, until sometime in March or April, 2016, and those
21  such property taxes have been paid by CATTICH since the filing of Plaintiff's Complaint
22  subject hereto.

23      15.    In furtherance to the preceding paragraph, as of the date of this Verified
24  Answer, the current property taxes for the period ending in April 2016, have become due
25  and shall be paid before June, 2016, and before same become "past due".

26

27

28

16.     Additionally, FNB'S demand, as indicated in Paragraph 16 of its Complaint, for the full payment of the balance due under the Note was demanded prematurely, and said demand is made in violation to the terms of those specific security instruments incorporated within Plaintiff's Complaint, as Defendant, "the Borrower", did not actually breach any terms or conditions within the Note, or within any of the other three (3) security instruments subject to the alleged loan transaction, to-wit: the Deed of Trust (hereinafter, the "DOT"), the Business Loan Agreement (hereinafter referred to as, the "BLA"), and the Commercial Security Agreement dated July 11, 2007 (hereinafter referred to as, the "CSA"), and of which greater than half of the personal property listed therein is considered intangible. The collateral mentioned within the CSA is very broad and expansive and is without any written particular detail or identifiers.

17.     CATTICH denies Paragraph 17 of FNB'S Verified Complaint, specifically, that Plaintiff includes property taxes for which Plaintiff did not pay or advance, or become liable to pay, and since the filing of Plaintiff's Complaint, said property taxes have been fully paid.

18.     CATTICH further denies the amount of interest alleged to be due and owing by Plaintiff in Paragraph 17 of FNB'S Complaint, and Plaintiff has not provided Defendant with any accounting or explanation of how FNB calculates said interest.

19.     Defendant CATTICH denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint, as Defendant is not in breach of any obligation or performance of any action pursuant to the DOT.

20.     Defendant generally denies the statements made within Paragraph 19 of Plaintiff's Complaint. Defendant denies breaching the DOT, and therefore attorney's fees shall not become the financial obligation of Defendant.

21.     CATTICH is uncertain as to the attestations made by Plaintiff in Paragraph 20 of its Complaint, and therefore Defendant generally denies each and every allegation contained therein.

22.     The statements declared in Paragraph 22 of Plaintiff's Complaint, concern matters that CATTICH is not aware of, or that concern Defendant, and therefore Defendant is uncertain as to the accuracy of such matters stated therein, and Defendant therefore denies each and every allegation contained within Paragraph 22 of the subject Complaint.

23.     CATTICH specifically denies each and every allegation made within Paragraph 24 of FNB'S Verified Complaint.

24.     CATTICH specifically denies each and every allegation purported in Paragraph 25 of Plaintiff's Verified Complaint, and Defendant asks that this Court be reminded that the subject Property is CATTICH'S primary residence.

25.     As to the allegations set forth in Paragraph 26 of FNB'S Complaint, Defendant denies same, and CATTICH further and specifically denies that Plaintiff has suffered any damages, whatsoever.

26.     Defendant denies each and every statement purported in Paragraph 27 of the subject Complaint, and CATTICH contends that Plaintiff does not have any authority under any existing conditions that would provide that Plaintiff be permitted to take control of CATTICH'S primary residence, and where other family members reside.

27.     CATTICH fully denies each and every statement set forth in Paragraph 28 of the subject Verified Complaint. There are not any conditions precedent that give rise to the necessity for such an action to take place, nor is such an action warranted or supported under any agreement, statute, code, case law, or any other legal provision of the State of California and of the United States of America.

28.     Defendant denies that which is stated in Paragraph 30 of Plaintiff's Verified Complaint, specifically, as that no breach by CATTICH has occurred to warrant such an action as requested by FNB therein.

1    29.    As concerns Paragraph 31 of FNB'S Complaint, Defendant denies to any and

2    all such allegations contained therein; and CATTICH contends that any such suggestion

3    such as made by FNB therein, is ludicrous in its general nature, and Plaintiff's request for

4    such an action is fraudulent at best.

5    30.    Pertaining to the attestations set forth by Plaintiff in Paragraph 32 of its

6    Complaint, Defendant states that CATTICH has not withheld anything, tangible or

7    intangible, from Plaintiff, its successors, agents or assigns, and Plaintiff's request is

8    considered abusive of the instruments subject to an alleged loan between the true and

9    actual parties thereto, and same constitutes fraud of a criminal nature, and including, fraud

10   upon this Court, and by using this judicial court system, in an effort to have this Court aid

11   and abed Plaintiff in its attempt to acquire unjustly, property and property rights in such a

12   felonious manner, and based upon the aforementioned, CATTICH fully denies each and

13   every allegation and request made within the respective Paragraph of its Complaint.

14   31.    CATTICH denies the contents within Paragraph 33 of the subject Verified

15   Complaint, inasmuch as to Plaintiff's fraudulent attempts to obtain Defendant's personal

16   property by way of its Complaint, is breach in itself of FNB'S obligations under the

17   security instruments used by Plaintiff in supporting its allegations set forth in its Complaint

18   against Defendant.

19   32.    Concerning Paragraph 35, and the Fourth Cause of Action within FNB'S

20   Complaint, and those statements presented therein, are made, once again, by Plaintiff in an

21   attempt to become unjustly enriched, by way of another false and fraudulent claim against

22   Defendant.

23   33.    In summary, CATTICH denies completely, that FNB is entitled to any of the

24   remedies requested within Plaintiff's Verified Complaint, and Defendant further denies

25   that CATTICH has breached any term, condition or covenant contained within any of the

26   security instruments used to support Plaintiff's Complaint, and of which have been

27   provided to this Court and incorporated into FNB'S Verified Complaint.

28

## DEFENDANT CATTICH'S PRAYER

Defendant CATTICH denies that Plaintiff is entitled to any of the relief requested by way of Plaintiff FNB'S Verified Complaint.

Based upon the aforementioned, Defendant CATTICH respectfully prays that this Court deny all of the relief requested by FNB within Plaintiff's Verified Complaint.

## DEFENDANT CATTICH'S ALLEGED AFFIRMATIVE DEFENSES

As separate affirmative defenses to FNB's Verified Complaint, Defendant CATTICH asserts the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendant is informed and believes, and thereon asserts, that Plaintiff has failed to state a claim upon which the relief sought can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Capacity or Standing to Sue)

Defendant is informed and believes, and thereon asserts, that Plaintiff lacks the capacity and/or standing to sue, which therefore bars Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (No Breach of Warranties)

Defendant is informed and believes, and thereon asserts, that Defendant did not breach any warranties, express or implied, and that no warranties, express or implied, arose in the instant circumstance.

## FOURTH AFFIRMATIVE DEFENSE
### (Standard of Care)

Defendant is informed and believes, and thereon asserts, that Plaintiff is barred and precluded from any recovery in this Action, due to this Answering Defendant, at all times, since the execution by this Answering Defendant of those specific security instruments subject to the alleged loan and of which are subject to Plaintiff's Verified Complaint, has complied with the applicable standard of care required of this Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Ambiguity)

Defendant is informed and believes, and thereon asserts, that the terms and conditions of the BLA and the CSA, do not apply to the surrounding issues concerning the alleged loan and the subject Property, making the terms and conditions within each security instrument ambiguous. Plaintiff, or its predecessor, knew, or had reason to know, that such terms and conditions within both the BLA and the CSA were ambiguous, considering the circumstances, however, Plaintiff, and/or its predecessor, failed to disclose these facts to this Answering Defendant, and even to this Court.

## SIXTH AFFIRMATIVE DEFENSE
### (Unconscionability)

Defendant is informed and believes, and thereon asserts, that the security instruments, specifically the BLA and the CSA, subject to this Action, and as alleged in FNB'S Verified Complaint, are unconscionable, thereby rendering the BLA and the CSA each invalid and unenforceable.

## SEVENTH AFFIRMATIVE DEFENSE
### (Offset)

Defendant is informed and believes, and thereon asserts, that this Answering Defendant has been damaged as a result of the direct conduct of Plaintiff, and this Answering Defendant is therefore entitled to offset.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendant is informed and believes, and thereon asserts, that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, as set forth and alleged by Plaintiff in its Verified Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Defendant is informed and believes, and thereon asserts, that FNB'S lack of privity with this Answering Defendant bars Plaintiff's Verified Complaint including, but not limited to, any alleged warranty claims by Plaintiff which do not apply in the context of this particular Action.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Defendant is informed and believes, and thereon asserts, that Plaintiff FNB, or its predecessor, by each one's own accord and conduct, is equitably estopped from asserting any right to recovery as against this Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Uncertain Pleading)

Defendant is informed and believes, and thereon asserts, that the subject Complaint, and each and every Cause of Action contained therein, is vague, ambiguous and is uncertain.

## TWELFTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

Defendant is informed and believes, and thereon asserts, that the purported claims and Causes of Action contained in Plaintiff FNB'S Verified Complaint, require for full, final and complete resolution and adjudication, in the presence of additional and necessary and/or indispensable parties that are not participating in this Action, thereby prejudicing this Answering Defendant such that any recovery by Plaintiff as against this Answering Defendant, should be barred completely or diminished.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant is informed and believes, and thereon asserts, that at all times mentioned herein, this Answering Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject to Plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant is informed and believes, and thereon asserts, that the doctrine of "unclean hands" bars Plaintiff's Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

Defendant is informed and believes, and thereon asserts, that Plaintiff FNB breached the implied covenant of good faith and fair dealing, which is presumed in every agreement or contract, by reason of which Plaintiff is barred to proceed against this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Defendant is informed and believes, and thereon asserts, that Plaintiff FNB'S alleged damages, if any, were wholly, or partly, contributed to or proximately caused by Plaintiff's, or its predecessor's, conduct and other activities. This Answering Defendant is entitled to an equitable apportionment of the damages in relation to the negligence or intentional wrongdoing of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Entitled to Equitable Remedies)

Defendant is informed and believes, and thereon asserts, that Plaintiff FNB is not entitled to any equitable remedies in the absence of any ability to recover at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Attorney Fees Not Recoverable)

Defendant is informed and believes, and thereon asserts, that Plaintiff has failed to allege any basis which would entitle Plaintiff to reimbursement of attorney's fees allegedly incurred with the litigating of this Action. No such basis exists, and Plaintiff is not entitled to reimbursement for same.

## NINTEENTH AFFIRMATIVE DEFENSE
### (Costs of Suit)

Defendant is informed and believes, and thereon asserts, that FNB'S Verified Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or law which warranted the filing of FNB'S Verified Complaint against this Answering Defendant. Plaintiff should therefore be responsible for all necessary and reasonable defense costs incurred, or to be incurred, by this Answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

This Answering Defendant has insufficient knowledge or information on which to form a belief, as to whether Defendant may have additional, as yet unstated affirmative defenses available. This Answering Defendant reserves herein, the right to assert additional defenses in the event that discovery indicates that such would be applicable and appropriate.

DATED: April _15_, 2016

**DOUGLAS W. CATTICH**

By: _____

**DOUGLAS W. CATTICH**
*Pro Per* Defendant

## <u>VERIFICATION</u>

STATE OF CALIFORNIA     )
                                  )§§

COUNTY OF RIVERSIDE     )

       I have read the foregoing Verified Answer to Plaintiff **FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S** Verified Complaint and know its contents therein.

       I hereby declare that I am a Party to this Action.

       I further declare that the matters stated within the foregoing pleading are true and correct and have made of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true and correct.

       I swear under penalty of perjury under the laws of the State of California, that the foregoing are true and correct as indicated above.

       Executed on April __/5__, 2016, at Cotati, California.


_____
**DOUGLAS W. CATTICH**
*Pro Per Defendant*

## PROOF OF SERVICE

I reside in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action. My address is _____

_____

On April _15_, 2016, I served the foregoing documents, described as:

**DEFENDANT DOUGLAS W. CATTICH'S VERIFIED ANSWER TO PLAINTIFF FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S VERIFIED COMPLAINT**

on each interested party in this action, as follows:

### SEE ATTACHED SERVICE LIST

☒    **BY MAIL.** I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at, _Cotati_, California. I am readily familiar with the procedures for processing correspondence for mailing with the United States Postal Service, local office in _Cotati_, California. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this Proof of Service.

Executed on April _15_, 2016, at _Cotati_, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Joanie Reyes_
[Signature of Person Who Served]

_Joanie Reyes_
[Printed Name of Person Who Served]

-15-

**SERVICE LIST**

---

*FIRST NATIONAL BANK v. CATTICH*
**Sonoma County Superior Court Case No. SCV258109**

---

| Counsel | Client |
|---|---|
| Dennis D. Miller, Esq. <br> Abram Petersen, Esq. <br> **LUBIN OLSON & NIEWIADOMSKI LLP** <br> 600 Montgomery St, 14th FL <br> San Francisco, CA 94111 <br> Tel.: (415) 981-0550 <br> Fax: (415) 981-4343 <br> dmiller@lubinolson.com <br> apetersen@lubinolson.com | Plaintiff <br> **FIRST NATIONAL BANK OF NORTHERN CALIFORNIA** |

# Exhibit 5

# EXHIBIT 5

1  Dennis D. Miller (SBN 138669)
   Abram P. Petersen (SBN 254832)
2  LUBIN OLSON & NIEWIADOMSKI LLP
   The Transamerica Pyramid
3  600 Montgomery Street, 14th Floor
   San Francisco, California  94111
4  Telephone:    (415) 981-0550
   Facsimile:    (415) 981-4343
5  dmiller@lubinolson.com
   apetersen@lubinolson.com
6
7  Attorneys for Plaintiff
   FIRST NATIONAL BANK OF NORTHERN
   CALIFORNIA
8

ENDORSED
FILED

JUL - 8 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9          SUPERIOR COURT OF CALIFORNIA

10              COUNTY OF SONOMA

11             UNLIMITED JURISDICTION

12

13  FIRST NATIONAL BANK OF                    Case No.  SCV258109
    NORTHERN CALIFORNIA, a national
14  banking association,
                                              **DECLARATION OF DENNIS D. MILLER
15            Plaintiff,                       IN SUPPORT OF PLAINTIFF FIRST
                                               NATIONAL BANK OF NORTHERN
16  v.                                         CALIFORNIA'S MOTION TO COMPEL
                                               RESPONSES TO REQUEST FOR
17  DOUGLAS W. CATTICH, an individual,         PRODUCTION (SET ONE), FORM
    aka DOUGLAS CATTICH, aka                   INTERROGATORIES-GENERAL (SET
18  DOUGLAS W. CATTICH, dba SUNSET             ONE) AND REQUESTS FOR
    HOUSE, an individual; and DOES 1           ADMISSIONS TO BE DEEMED
19  through 20, inclusive,                     ADMITTED AS TO DEFENDANT;
                                               REQUEST FOR SANCTIONS**
20            Defendants.
                                              Date:     NOV - 2 2016, 2016
21                                            Time:     3:00 p.m.
                                              Dept:     17
22                                            Judge:    Hon. Gary Nadler
23
                                              Action Filed:    December 3, 2015
24                                            Trial Date:      November 18, 2016
25
26
27
28

19120126/579562v1                             1                        Case No. SCV258109

MILLER DECLARATION IN SUPPORT OF MOTION TO COMPEL

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 45
of 95

EXHIBIT 5

I, Dennis D. Miller, hereby declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and am a partner of Lubin Olson & Niewiadomski LLP, counsel for plaintiff First National Bank of Northern California ("FNB"). If called upon to testify as a witness in this matter, I could and would competently testify thereto, as the facts set forth herein are personally known to me to be true. As to those facts set forth herein on information and belief, I would competently testify to those facts as I believe them to be true.

2.      On May 6, 2016, I caused to be served by overnight delivery FNB's first sets of Form Interrogatories, Requests for Admission and Document Requests (collectively, the "Discovery") on defendant Douglas Cattich ("Cattich"), true and correct copies of which are attached hereto as Exhibits 1, 2, and 3, respectively, and incorporated herein by reference. The Discovery was delivered to Mr. Cattich at his place of business at 9408 Willow Avenue, Cotati, California on May 7, 2016 at 11:28 a.m.

3.      Mr. Cattich's written responses to FNB's Form Interrogatories, Document Requests and Requests for Admissions were due to be served on our office on June 7, 2016. Mr. Cattich's document production was due at our office on June 10, 2016. No responses have been received by my office from Mr. Cattich to any of FNB's Form Interrogatories, Requests for Admissions or Document Requests, nor have any documents been produced.

4.      On June 16, 2016, although not required to do so, I caused to be sent to Mr. Cattich by federal express a "meet and confer" letter explaining that FNB had served the above Discovery on him and that he had failed to respond. A true and correct copy of my June 16, 2016 letter to Mr. Cattich is attached hereto as Exhibit 4 and incorporated herein by reference. I explained to Mr. Cattich that if he failed to serve his responses to FNB's Discovery and to produce responsive documents that FNB would seek an order compelling him to do so, would seek an order deeming all requests for admissions admitted and seek discovery sanctions.

5.      I have spent approximately 3.0 hours meeting and conferring with defendant and drafting this motion to compel. I expect to spend an additional 4 hours in additional fees, costs and expenses, in connection with the reply brief, pre-hearing preparation

MILLER DECLARATION IN SUPPORT OF MOTION TO COMPEL

and attending the hearing on this motion. Thus, at my hourly rate of $510.00, the total amount of fees and costs that I expect FNB to incur in connection with this matter is $3,570.00, plus the $60 motion fee. Therefore, I request sanctions against Mr. Cattich in the amount of not less than $2,560, subject to the need to file reply pleadings and appear for the hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 8, 2016

_____
Dennis D. Miller, Declarant

1   Dennis D. Miller (SBN 138669)
    Abram P. Petersen (SBN 254832)
2   LUBIN OLSON & NIEWIADOMSKI LLP
    The Transamerica Pyramid
3   600 Montgomery Street, 14th Floor
    San Francisco, California 94111
4   Telephone:   (415) 981-0550
    Facsimile:    (415) 981-4343
5   dmiller@lubinolson.com
    apetersen@lubinolson.com
6
    Attorneys for Plaintiff
7   FIRST NATIONAL BANK OF NORTHERN
    CALIFORNIA
8

9              SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SONOMA

11                UNLIMITED JURISDICTION

12

13   FIRST NATIONAL BANK OF          Case No. SCV258109
    NORTHERN CALIFORNIA, a national
14   banking association,

15           Plaintiff,         **FIRST NATIONAL BANK OF NORTHERN**
                            **CALIFORNIA'S FIRST SET OF**
16   v.                          **REQUESTS FOR ADMISSIONS TO**
                            **DOUGLAS W. CATTICH**
17   DOUGLAS W. CATTICH, an individual,
    aka DOUGLAS CATTICH, aka
18   DOUGLAS W. CATTICH, dba SUNSET     Action Filed:     December 3, 2015
    HOUSE, an individual; and DOES 1       Trial Date:      November 18, 2016
19   through 20, inclusive,

20           Defendants.

21

22   PROPOUNDING PARTY:     FIRST NATIONAL BANK OF NORTHERN CALIFORNIA

23   RESPONDING PARTY:       DOUGLAS W. CATTICH

24   SET NUMBER:              ONE

25   **TO THE PARTIES AND THEIR COUNSEL OF RECORD IF ANY:**

26         **PLEASE TAKE NOTICE** that pursuant to California Code of Civil Procedure

27   Section 2033.010, *et seq.*, plaintiff First National Bank of Northern California ("FNB") hereby

28   requests that defendant Douglas W. Cattich ("Defendant") respond under oath to the following

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 48 of 95

**EXHIBIT 3**

1   Requests for Admission by no later than thirty days of service of this First Set of Requests for

2   Admission.

3                                    **I.    DEFINITIONS**

4            A.    "FNB" refers to plaintiff First National Bank of Northern California.

5            B.    The terms "YOU" and "YOUR" refer to Douglas Cattich, and his past and

6   present agents, attorneys, investigators, and representatives, and anyone acting on his behalf.

7            C.    The terms "COMMUNICATION" or "COMMUNICATIONS" mean and

8   include both written and oral communications, including the transmission or exchange of any

9   kind of information including without limitation, face-to-face conversations, meetings, telephone

10  conversations, computer-generated electronic mail or "e-mail," and any other method of

11  communication.

12           D.    The term "NOTE" refers to the Promissory Note, dated July 11, 2007

13  executed by YOU in favor of America California Bank.

14           E.    The term "LOAN AGREEMENT" refers to the Business Loan Agreement,

15  dated July 11, 2007 executed by YOU in favor of America California Bank.

16           F.    The term "DEED OF TRUST" refers to the Deed of Trust, dated July 11,

17  2007 executed by YOU in favor of America California Bank.

18           G.    The term "SECURITY AGREEMENT" refers to the Commercial Security

19  Agreement, dated July 11, 2007 executed by YOU in favor of America California Bank.

20           H.    The term "LOAN" refers to the documents described in Paragraphs D

21  through G herein and all related documents.

22           I.    The "PROPERTY" shall mean the real property commonly known as 9407

23  Willow Avenue, Cotati, California.

24           J.    "ALL" or "ANY" means any and all.

25           K.    "RELATE" or "RELATING TO" shall mean to evidence, support, rebut,

26  refer, reflect, relate, regard, mention, discuss, concern or in any way affect the requested subject

27  matter.

28  ///

## II. REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU failed to timely pay all property taxes due prior to December 1, 2015 RELATING TO the PROPERTY.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Exhibit 1 attached hereto is a true and correct copy of the NOTE, dated July 11, 2007, signed by YOU.

**REQUEST FOR ADMISSION NO. 3:**

Admit that attached Exhibit 2 attached hereto is a true and correct copy of the LOAN AGREEMENT, dated July 11, 2007, signed by YOU.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Exhibit 3 attached hereto is a true and correct copy of the DEED OF TRUST, dated July 11, 2007, signed by YOU.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Exhibit 4 attached hereto is a true and correct copy of the SECURITY AGREEMENT, dated July 11, 2007, signed by YOU.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Exhibit 5 attached hereto is a true and correct copy of the AMERICA CALIFORNIA BANK "expression of interest", dated June 22, 2006, signed by YOU.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Exhibit 6 attached hereto is a true and correct copy of the AMERICA CALIFORNIA BANK "conditional commitment letter", dated July 3, 2007, signed by YOU.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you own the real property located at 465 Grapevine Lane, Healdsburg, California.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you have owned the real property at 465 Grapevine Lane, Healdsburg, California since 2004.

Case No. SCV258109

19120126/574869v1

FNB'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DOUGLAS W. CATTICH

**REQUEST FOR ADMISSION NO. 10:**

Admit that the last payment YOU sent to FNB RELATING TO the LOAN was in December 2015.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU have failed to deliver all payments due under YOUR LOAN to any lender from January 2016 to May 1, 2016.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Exhibit 7 attached hereto is a true and correct copy of check number 5538 from the account of Sunset House, Douglas Cattich.


Dated: May 6, 2016                                    LUBIN OLSON & NIEWIADOMSKI LLP


                                        By: _____
                                            Dennis D. Miller
                                            Attorneys for Plaintiff
                                            FIRST NATIONAL BANK OF NORTHERN
                                            CALIFORNIA

# Exhibit 6

# EXHIBIT 6

Dennis D. Miller (SBN 138669)
Abram P. Petersen (SBN 254832)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:     (415) 981-0550
Facsimile:     (415) 981-4343
dmiller@lubinolson.com
apetersen@lubinolson.com

Attorneys for Plaintiff
FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA

ENDORSED
FILED

NOV - 8 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

UNLIMITED JURISDICTION

| | |
|---|---|
| FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, a national banking association,<br><br>          Plaintiff,<br><br>v.<br><br>DOUGLAS W. CATTICH, an individual, aka DOUGLAS CATTICH, aka DOUGLAS W. CATTICH, dba SUNSET HOUSE, an individual; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.  SCV258109<br><br>**ORDER GRANTING FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION (SET ONE); FORM INTERROGATORIES – GENERAL (SET ONE); AND REQUEST FOR ADMISSIONS TO BE DEEMED ADMITTED AS TO DEFENDANT; REQUEST FOR SANCTIONS**<br><br>Date:         November 2, 2016<br>Time:         3:00 p.m.<br>Dept:         17<br>Judge:        Gary Nadler<br><br>Action Filed:      December 3, 2015<br>Trial Date:        March 24, 2017 |

Plaintiff First National Bank of Northern California's ("FNB"), Motion to Compel

Responses to Request for Production (Set One); Form Interrogatories – General (Set One); and

Request for Admissions to be Deemed Admitted as to Defendant; Request for Sanctions (the

"Motion") came on regularly for hearing on November 2, 2016 at 3:00 p.m. in Department 17 of

Case: 17-10199     Doc# 23-2     Filed: 04/27/17     Entered: 04/27/17 10:39:07     Page 53
of 95

EXHIBIT 6

the Superior Court of California, County of Sonoma, the Honorable Gary Nadler presiding. On November 1, 2016, the Court issued its Tentative Ruling stating as follows:

> Plaintiff's request for judicial notice is granted.

> Plaintiff's Motion to Compel Responses to Request for Production (Set One), Form Interrogatories – General (Set One) and Request for Admissions to be Deemed Admitted as to Defendant are granted as there have been no responses to any of this discovery despite written meet and confer requests initiated by Plaintiff.

> The court awards sanctions against Defendant, in favor of Plaintiff, in the amount of $1,590.

Pursuant to Sonoma County Superior Court Local Rule 5.5, defendant Douglas W. Cattich ("Defendant") failed to notify counsel for FNB or the Court that he requested a hearing on the Court's tentative ruling. Accordingly, the Court's tentative ruling is now final.

Pursuant to the Court's final ruling on FNB's Motion:

IT IS HEREBY ORDERED as follows:

1. Defendant Douglas W. Cattich shall serve by hand delivery his original verified responses without objections to FNB's Form Interrogatories, and Document Requests within ten calendar days of the service of the notice of entry of this order.

2. Defendant Douglas W. Cattich shall produce all responsive documents without objections to FNB's counsel within ten calendar days of the service of the notice of entry of this order.

3. FNB's requests for admissions nos. 1 – 12 are deemed admitted for all further purposes in this case.

4. FNB's request for sanctions is granted. Defendant Douglas W. Cattich shall pay the reasonable attorney's fees and costs incurred for FNB to bring this motion in the amount of $1,950. The sanctions shall be paid to FNB's counsel no later than seven calendar days after service of the notice of entry of this order.

DATED: November ___, 2016

GARY NADLER

JUDGE OF THE SUPERIOR COURT

ORDER GRANTING FNB'S MOTION TO COMPEL RESPONSES TO REQUEST
FOR PRODUCTION (SET ONE), ETC; REQUEST FOR SANCTIONS

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 54 of 95

**PROOF OF SERVICE**

*First National Bank of Northern California v. Douglas W. Cattich, et al.*
Sonoma County Superior Court, Case No. SCV258109

I, Catherine Montoya, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Transamerica Pyramid, 600 Montgomery Street, 14th Floor, San Francisco, California 94111. On November 4, 2016, I served a copy of the within document(s):

> **ORDER GRANTING FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION (SET ONE); FORM INTERROGATORIES – GENERAL (SET ONE); AND REQUEST FOR ADMISSIONS TO BE DEEMED ADMITTED AS TO DEFENDANT; REQUEST FOR SANCTIONS**

[X] **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

Douglas W. Cattich                    *Pro Per* Defendant
9408 Willow Ave.
Cotati, CA  94931
Tel.:  707-246-8894

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2016, at San Francisco, California.

_____
Catherine Montoya

19120126/588960v1

Case No. SCV258109

PROOF OF SERVICE

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 55 of 95

# Exhibit 7

# EXHIBIT 7

1   Dennis D. Miller (SBN 138669)
    Abram P. Petersen (SBN 254832)
2   LUBIN OLSON & NIEWIADOMSKI LLP
    The Transamerica Pyramid
3   600 Montgomery Street, 14th Floor
    San Francisco, California 94111
4   Telephone:    (415) 981-0550
    Facsimile:    (415) 981-4343
5   dmiller@lubinolson.com
    apetersen@lubinolson.com
6
    Attorneys for Plaintiff
7   FIRST NATIONAL BANK OF NORTHERN
    CALIFORNIA
8

ENDORSED
FILED

MAR 3 0 2017

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9               SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SONOMA

11                 UNLIMITED JURISDICTION

12

13   FIRST NATIONAL BANK OF              Case No.  SCV258109
     NORTHERN CALIFORNIA, a national
14   banking association,

15            Plaintiff,                 **ORDER RE FIRST NATIONAL BANK OF
                                         NORTHERN CALIFORNIA'S MOTION
16   v.                                  TO STRIKE VERIFIED ANSWER OF
                                         DOUGLAS W. CATTICH AND ENTER
17   DOUGLAS W. CATTICH, an individual,  DEFAULT AGAINST HIM FOR FAILURE
     aka DOUGLAS CATTICH, aka            TO COMPLY WITH DISCOVERY ORDER
18   DOUGLAS W. CATTICH, dba SUNSET      AND REQUEST FOR SANCTIONS**
     HOUSE, an individual; and DOES 1
19   through 20, inclusive,
                                         Date:     March 1, 2017
20            Defendants.                Time:     3:00 p.m.
                                         Dept:     17
21                                       Judge:    Hon. Peter Ottenweller

22                                       Action Filed:    December 3, 2015
                                         Trial Date:      March 24, 2017
23

24          Plaintiff First National Bank of Northern California's ("FNB") Motion to Strike

25   Verified Answer of Douglas W. Cattich and Enter Default Against Him for Failure to Comply

26   with Discovery Order and Request for Sanctions (the "Motion") came on for hearing on March 1,

27   2017 at 3:00 p.m. in Department 17 of the Superior Court of California, County of Sonoma, the

28   Honorable Peter Ottenweller presiding.

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:0EXHIBIT 57
of 95

On February 28, 2017, the Court issued its tentative ruling on the Motion stating as follows:

> Plaintiff's Motion to Strike Verified Answer of Douglas W. Cattich and Enter Default Against Him for Failure to Comply with Discovery Order and Request for Sanctions is denied. Defendant has demonstrated that his failure to comply with the discovery order was not willful and that he is attempting to comply. However, this will not bar Plaintiff from bringing such a motion again in the event that Defendant continues to fail to comply and the court will entertain and consider such a motion in the future.
>
> The court also is reserving the issue of monetary sanctions for this motion to consider, in addition to any future monetary sanctions, should Defendant still fail to comply and should Plaintiff bring another such discovery motion warranting sanctions.
>
> Request for judicial notice is granted.

Pursuant to Sonoma County Superior Court Local Rule 5.5, plaintiff FNB notified Douglas W. Cattich and the Court that FNB requested a hearing on the Court's tentative ruling. Dennis D. Miller appeared for plaintiff FNB and Douglas W. Cattich, in pro per appeared for oral argument.

Pursuant to oral argument and good cause appearing therefor:

IT IS HEREBY ORDERED as follows:

1. FNB's Motion is denied;

2. The Court's tentative ruling is now final except as modified herein;

3. Defendant Cattich shall serve code compliant discovery responses and produce documents in response to FNB's Form Interrogatories and First Set of Document Requests within thirty (30) days of the entry of this Order;

4. Discovery in this case is hereby re-opened subject to the setting of a new trial date;

5. The trial date of March 24, 2017 is vacated; and

/ / /

/ / /

/ / /

/ / /

19120126/598358v1  2  Case No. SCV258109
ORDER RE FNB'S MOTION TO STRIKE VERIFIED ANSWER OF DOUGLAS W. CATTICH AND ENTER DEFAULT
AGAINST HIM FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND REQUEST FOR SANCTIONS

Case: 17-10199 Doc# 23-2 Filed: 04/27/17 Entered: 04/27/17 10:39:07 Page 58
of 95

1         6.     A case management conference is set for June 8, 2017 at 3:00 p.m. in

2   department 17, with the parties to file new case management statements as per California Rule of

3   Court 3.725.

4

5   DATED: March **30**, 2017            **PETER K. OTTENWELLER**

6                                       JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE FNB'S MOTION TO STRIKE VERIFIED ANSWER OF DOUGLAS W. CATTICH AND ENTER DEFAULT
AGAINST HIM FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND REQUEST FOR SANCTIONS

**PROOF OF SERVICE**

*First National Bank of Northern California v. Douglas W. Cattich, et al.*
Sonoma County Superior Court, Case No. SCV258109

I, Catherine Montoya, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Transamerica Pyramid, 600 Montgomery Street, 14th Floor, San Francisco, California 94111. On March 2, 2017, I served a copy of the within document(s):

> **ORDER RE FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION TO STRIKE VERIFIED ANSWER OF DOUGLAS W. CATTICH AND ENTER DEFAULT AGAINST HIM FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND REQUEST FOR SANCTIONS**

[X]  **(BY OVERNIGHT)** by placing the document(s) listed above in a sealed <u>FedEx</u> envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>Federal Express</u> agent for delivery.

Douglas W. Cattich             *Pro Per* Defendant
9408 Willow Ave.
Cotati, CA 94931
Tel.: 707-246-8894

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 2, 2017, at San Francisco, California.

_____
Catherine Montoya

19120126/598358v1                    1                    Case No. SCV258109
PROOF OF SERVICE

# Exhibit 8

# EXHIBIT 8

1  **DOUGLAS W. CATTICH**
2  9408 Willow Avenue
3  Cotati, CA 94931
4  Ph: 1.707.246-8894
5  Email:
6
7
8
9
10                 **SUPERIOR COURT OF CALIFORNIA**
11
12                      **COUNTY OF SONOMA**
13
14  **DOUGLAS W. CATTICH,**           )
15                                     )
16           **Plaintiff,**           )     Case Number SCV – 259999
17                                     )
18            **vs.**                  )     **NOTICE OF AND VERIFIED**
19                                     )     **SMALL CLAIMS COMPLAINT**
20                                     )     **FOR TRESPASS ON TITLE**
21  **FIRST NATIONAL BANK OF**        )
22  **NORTHERN CALIFORNIA,**          )     **DATE:**
23                                     )     **TIME:**
24            **Defendant.**          )     **DEPT.:**
25  _____
26
27
28
29    **NOTICE OF AND VERIFIED SMALL CLAIMS COMPLAINT FOR TRESSPASS ON**
30    **TITLE WITH POINTS AND AUTHORITIES, VERIFICATION AND DECLARATION.**
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

1

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    EXHIBIT 8 Page 62 of 95

**TO THIS COURT, ANY INTERESTED PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, at _____, or as soon after that as the matter can be heard, in Department _____ of the above-entitled court located at _____, DOUGLAS W. CATTICH, Plaintiff, will appear and move the Court for the Common Law Count of Trespass on Title.

The Complaint demands a judgment on the following issues of material fact: 1.) that there is no lawful contract for the payment of a debt between the Plaintiff and the Defendant(s), 2.) that the Defendant(s) claims, are acts hostile to the interests of the Plaintiff, and are substantial factors to the harm caused to Plaintiff, and 4.) for the quieting of title in favor of the Plaintiff(s) based upon the Plaintiff's superior title and the release of all liens and encumbrances of record in the name and/or under control of the Defendant(s) that are currently clouding the Title of the Plaintiff's real property.

This action will be based on this Complaint, the memorandum of points and authorities, the attached Verification and Declaration of DOUGLAS W.CATTICH; Supporting Verification and Declaration, the records, evidence and files in this action, and such other oral and documentary evidence as may be presented at the hearing of the Complaint.



Autographed this ___6___ day of ~~December, 2016~~. January 207

By: _____
 Douglas W. Cattich
 under penalty of perjury
 without the "United States"
 in accordance with
 28 U.S.C. §1746

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

1. Plaintiff is the owner of a certain parcel of land commonly known as 9408 Willow Avenue, Cotati, CA 94931, by virtue of Deed of Trust, APN# 047-033-007-000, Instrument Number 2007084996, with the following legal description:

   Beginning at a nail and shiner in the center of Willow Avenue set at the common Westerly corner of Lots 117 and 118 (from which a found ¾" iron pipe marking the Northwest corner of Lot 118 bears North 19 degrees 05' West, 836.22 feet); thence from said point of beginning South 89 degrees 43' East, 26.50 feet to a set 1/2" iron pipe and tag on the Easterly edge of said Willow Avenue; thence continuing South 89 degrees 43' East along the common line of Lots 118 and 1117, 295.59 feet to a set ½" iron pipe and tag; thence leaving said common line South 20 degrees 26' West, 95.41 feet to a set ½" iron pipe and tag; thence South 77 degrees 44' West, 219.70 feet to a set ½" iron pipe and tag on the Easterly edge of Willow Avenue; thence continuing South 77 degrees 44' West, 25.18 feet to a nail and shiner set on the centerline of said Willow Avenue; thence North 19 degrees 04' West, 151.61 feet to the point of beginning.

(hereinafter referred to as the "Property").

*A true and correct copy of said Deed of Trust is attached hereto as "Exhibit A."* Plaintiff demands Judicial Notice of the said attachment by the Court.

2. Allegedly the said negotiable instrument contract/bond was at some time in 2015, assigned to Defendant.

3. Plaintiff sent a Notice and Demand and due Offer of Tender via Notary Presentment to Defendant giving Defendant twenty-one (21) days to respond to plaintiff's request forvalidation.

4. Defendant received the Notice and Demand and to this date have failed to respond to the said demand and have now acquiesced by silence. (*See Exhibit B*-"Notice of Default Judgment based on Non-Response").

3

5. Plaintiff, upon information and belief, state(s) that the Defendant never lawfully entered into any contract with the Plaintiff and Plaintiff isinformed and believes that there is no evidence to the contrary.

6. Plaintiff, upon information and belief, states that he has not given consentto the Defendant(s), successors, agents, and assigns to the use of the said parcelof land, and by defendant's actions, are attempting to gain the right to possession of the said easement by prescription and color of title as collateral forthe said alleged debt (*See Exhibit "A."*)

7. Plaintiff states that the acts of the Defendant are hostile to the interests ofthe Plaintiff and are an intentional trespass on title of Plaintiff's said parcel ofland, and create a liability to the Plaintiff for intentional injury, even if theDefendant(s) assert that they were acting in good faith, or under a mistaken belief that the Defendant(s) are committing no wrong.

8. Plaintiff states that he has been harmed by the Defendants' actions and the conduct of the Defendant(s) is a substantial factor in causing the said injury.

9. Plaintiff states that because of the aforementioned trespass, Defendant(s) onlyclaim to title is a fraudulent conveyance, which is not only inferior to Plaintiff's paramount title (*See Exhibit "A"*), Defendant(s)' title is non-existent.

10. As a matter of law. Plaintiff states that Defendant(s) have the burden of proofof not only proving their title is superior to that of Plaintiff's, but must validate that thealleged "debt" is truly due to Defendant(s).

4

## JURISDICTIONAL STATEMENT

11. Jurisdiction is proper in that the said trespass on title was initiated by the Defendant(s), was conducted and carried out in the state of California and all Defendant(s) committed said conduct in the County of Sonoma, State of California.

12. Plaintiff states that small claims court jurisdiction is proper in that this actionfor trespass on title and to quiet title based upon the conduct of all Defendant(s)in connection with the alleged "debt" as the parcel of land subject to the cloudson title created by Defendant(s) Commonly known as: 9408 Willow Avenue, Cotati, CA 94931,is located within the County of Sonoma, State ofCalifornia, is within the exception of jurisdiction of the Small Claims Court pursuant to Cal. Civ. P. 116.22.

13. Additionally, Plaintiff states that the Defendant(s), and each and every one ofthem, jointly and severally, are bodies corporate, capable of suing and beingsued and whose purpose is, among other things, to provide banking and financial services, which are governed under 13 Stat. 99-118-The NationalBanking Act and the California Commercial Code.

14. Plaintiff states that in this matter, there is an actual, substantial, andjusticiable controversy exists between parties having adverse interests, and the saidcontroversy possesses sufficient immediacy and reality to warrant the issuance of the Declaratory Judgment demanded in this Complaint, in that Plaintiff is at risk of losing his private property, based upon an illegal and unvalidated "evidence of debt." See *Seattle Audubon Soc'y vs. Mosely,* 80 F.3d 1401, 1405(9th Cir. 1996) and *United States vs. Russell,* 13 Wall, 623, 627, "PrivateProperty, the Constitution provides, shall not be taken for public use without justcompensation."

5

1    15. The right of subrogation is not founded in contract. It is a creatureof equity; is enforced

2        solely for the purpose of accomplishing the ends ofsubstantial justice; and is independent

3        of any contractual relations between the parties." *Memphis & L.R.R. CO. vs. Dow*, 120

4        U.S. 287, 301-302(1887) and *Pearlman vs. Reliance Ins. Co.*, 371 U.S. 132 (1962)].

5

6                                **ACTION FOR QUIET TITLE**

7    16. Plaintiff requests that the title of the subject real property be quieted in favor of the

8        Plaintiff, and against the Defendant(s), *AS C F JANVA1 6 2017.*

9    17. Plaintiff states that the legal description of the subject real property is as follows:

10   18. Plaintiff states that the said subject property has a common address of: 9408 Willow

11      Avenue, Cotati, CA 94931.

12   19. Plaintiffstates that the only entity claiming any encumbrance or claim to legal title is

13      Defendant(s).

14   20. Plaintiff states that this action for quiet title is based upon a dispute over legaltitle and

15      Cal. Evid. Code 622 does not apply.

16   21. Plaintiff states that the statutory authority for a quiet title action in Californiais found at

17      Cal. Civ. P 760.020 which states;

18        (a) An action may be brought under this chapter to establish title against adverse

19        claims to real or personalproperty or any interest therein.

20        (b) An action may be brought under this chapter by parties to an agreemententered

21        into pursuant to Section 6307 or 6357 of the Public Resources Code to confirm the

22        validity of theagreement.

6

1   (c) Nothing in this section shall be construed to limit the right of members of the

2       public to bring or participate in actions challenging the validity of agreements entered

3       into pursuant to Section 6307 or 6357 of the Public Resources Code.

4   22. Plaintiff states that Plaintiff's complaint for trespass on title is also based upon Plaintiff's

5       good faith specific intent to have the Court establish Plaintiff's rights under the said Deed,

6       but also to establish Plaintiff's superiority of title against the adverse claims of

7       Defendant(s).

8   23. Plaintiff states that Plaintiff's action for quiet title is not barred by any statutes of

9       limitations in that plaintiff is still in possession of said real property. "for no statute of

10      limitations runs against a Plaintiff seeking to quiet title while he is in possession of the

11      property." *Smith vs. Matthews*, 81 Cal. 120, 121, [22 P. 409]; *Faria vs. Bettenourt*, 100

12      Cal. App. 49, 51-52 [279 P. 679]; Witkin, Cal. Procedure (1954) Actions Sect. 11, p. 613;

13      41 Cal. Jur.2d, Quieting Title, Etc. Sect. 25, p. 493; see also *Newport vs. Hatton*, 195 Cal.

14      132, 145 [231 P. 987]; *Sears vs. County of Calaveras*, 45 Cal. 2d 518, 521 [289 P.2d 425];

15      see also *Berniker vs. Berniker*, 30 Cal. 2d 439, 448 [182 P. 2d 557].]

16  24. Plaintiff states that he is still in possession of the subject real property and Plaintiff's right

17      to quiet title to said subject property has not been extinguished by any operation of law.

18  25. Plaintiff states as grantor, states that in order for a grantor to establish a *prima facie* case

19      in a quiet title action, in where the grantor relies on paper title alone, the Plaintiff, as

20      grantor, must trace his title to one of the following; 1.) to the government; 2.) to a grantor

21      in possession at the time of the conveyance to the grantor, and, 3.) to a source common to

22      the chains of title to the grantor (Plaintiff), and the grantee (Defendant(s)).*Ernie vs.*

7

1  *Trinity LutheranChurch*, 51 Cal. 2d 702, 706 [336 P.2d 525]; 4 Cal.Jur.2d, Quieting

2  Title, Sect.75, pp. 570-571.].

3  26. Plaintiff, as grantor, will establish *prima facie* evidence ofpoints two (2) and three (3)

4  through the following proffered evidence and caselaw in support of said proffered

5  evidence.

6  27. Plaintiff states that in this case, as grantor, he has traced his title to a grantor in

7  possession at the time of conveyance to the Plaintiff as grantee (*See Exhibit "A"*),and to a

8  source common to the chains of title to both the grantor and grantee.

9  28. Since Defendant(s) title is allegedly derived from the said void Deed of Trust, and

10  Plaintiff is informed and believes that there is no evidence ofany lawful contract between

11  Plaintiff and Defendant(s) and thus non-existent, Defendant(s) have the burden of proof

12  that their title is superior to that of thePlaintiff's (*See Exhibit "A"*).

13

14

15

16

17

18

19

20

21

22

23

8

1 **CONCLUSION**

2 **WHEREFORE**, Plaintiff demands the following redress:

3 (1) An Order that Defendant(s) be permanently enjoined from acting in any capacity, in

4 regards to the said parcel of land;

5 (2) An Order that all liens and encumbrances of record, as well as all clouds on title to

6 said

7 parcel of land be removed;

8 (3) And any other relief, and/or redress deemed just and equitable by law.

9

10 Autographed this __6__ day of January, 2017.

11

12 By: _____

13 Douglas W. Cattich
14 under penalty of perjury
15 without the "United States"
16 in accordance with
17 28 U.S.C. §1746

18

19

20

21

22

23

24

25

26

9

1

## VERIFICATION and DECLARATION OF DOUGLAS W. CATTICH

2

3  I, Douglas W. Cattich, declare as follows.

4  1. I am over the age of 18 years and have personal knowledge of the facts stated in this

5  declaration, and if called as witnesses, could and would testify competently to the truth

6  of the facts as stated herein.

7  2. The matters stated in this declaration in support of this NOTICE OF AND

8  VERIFIED SMALL CLAIMS COMPLAINT FOR TRESPASS ON TITLE/

9  POINTS AND AUTHORITIES are true of my own knowledge and belief except as

10  to those matters stated on information and belief, and as to those matters I believe them to be

11  true.

12  3. I hereby verify the information in set forth above is true and correct to the best of

13  my knowledge, except for those matters alleged to be on information and belief, which I believe

14  to be true in accordance with Cal. Civ. P. 446.

15  4. I reserve the right to supplement or amend as necessary without leave of Court.

16  5. I declare under penalty of perjury pursuant to 28 U.S.C. 1746 without the "United States"

17  that the foregoing is true and correct and that this Verification and Declaration was executed on

18  _01/05/2017_ in Sonoma County, California.

19  **JURAT**
20  State of California  )
21  County of Sonoma )ss.
22  Subscribed (and/or affirmed) to before
23  me a notary public on this Day, the
24     5ᵗʰ   day of January, 2017,
25  by _Douglas W. Cattich (CDL)_ , who
26  proved to me on the basis of satisfactory
27  evidence to be the man/woman who
28  appeared before me.

By: _____
Douglas W. Cattich
under penalty of perjury
without the "United States"
in accordance with
28 U.S.C. §1746

10




1
2 _____, Notary Public

3 **PROOF OF SERVICE**

4
5 I am over the age of 18 and not a party to this action.

6
7 I am a resident of or employed in the county where the mailing occurred; my business/residence
8 address is: _____ 9608 u. llow Ave Cotati CA 9453 /

9
10 On ____ 1/5/17 ____, I served the foregoing document(s) described as:

11
12 **NOTICE OF AND VERIFIED SMALL CLAIMS COMPLAINT FOR DECLARATORY**
13 **JUDGMENT/ POINTS AND AUTHORITIES attached supporting Verification and**
14 **Declaration**
15 to the following parties:

16
17 See attached Service List

18
19 [ ] (By U.S. Mail) I deposited such envelope in the mail at _____ with
20 postage thereon fully prepaid. I am aware that on motion of the party served, service is
21 presumed invalid if postal cancellation date or postage meter date is more than one
22 day after date of deposit for mailing in affidavit.

23
24 [ X ] (By Personal Service) I caused such envelope to be delivered by hand via messenger
25 service to the address above;

26
27 [ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours
28 to the number(s) listed above. Said transmission was reported complete and without
29 error.

30
31 I declare under penalty of perjury under the laws of the State of California that the foregoing
32 is true and correct.

33
34
35 DATED: ____ 1/5/17 ____

36
37
38
39 _____
40 NAME OF PERSON MAILING PAPERS
41

11

# Exhibit 9

# EXHIBIT 9

Pages 1 - 15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

DIANE DARRIMON and JOSH DARRIMON,  )
                                   )
            Plaintiffs,            )
                                   )
   VS.                             ) NO. C 16-00808 WHA
                                   )
JEFF SMITH,                        )
                                   )  San Francisco, California
            Defendant.             )  Wednesday
                                   )  June 1, 2016
_____)  8:04 a.m.

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:          EWING & ASSOCIATES
                         995 South Main Street
                         Post Office Box 400
                         Lakeport, California  95453
                 BY:  ANDRE M. ROSS, ESQ.


For Defendant:           JEFFREY THOMAS SMITH, appearing Pro Se

Also Present:            PLAINTIFF DIANE DARRIMON

Reported by:             BELLE BALL, CSR #8785, RDR, CRR
                         Official Reporter, U.S. District Court

EXHIBIT 9

| | |
|---|---|
| 1 | **WEDNESDAY, JUNE 1, 2016**                              8:04 A.M. |
| 2 | P R O C E E D I N G S |
| 3 | **THE COURT:**  Let's go to Diane Darrimon and Josh |
| 4 | Darrimon versus Smith. |
| 5 | **THE CLERK:**  Case No. 16-0808.  The matter is on for a |
| 6 | motion, and also for initial case-management conference. |
| 7 | Parties, would you please state your appearances. |
| 8 | **MR. ROSS:**  Good morning, Your Honor.  Andre Ross with |
| 9 | Ewing & Associates on behalf of Ms. Diane Darrimon, who is |
| 10 | present in court. |
| 11 | **THE COURT:**  Are you Diane Darrimon? |
| 12 | **MS. DARRIMON:**  Yes. |
| 13 | **THE COURT:**  How are you today? |
| 14 | **MS. DARRIMON:**  I'm nervous, and I feel kind of -- not |
| 15 | good. |
| 16 | **THE COURT:**  Well, relax.  Welcome. |
| 17 | **MS. DARRIMON:**  (Nods head) |
| 18 | **THE COURT:**  Okay.  And you are? |
| 19 | **MR. SMITH:**  Jeff Smith, Jeffrey Thomas Smith. |
| 20 | **THE COURT:**  So you are the Defendant. |
| 21 | **MR. SMITH:**  That's correct. |
| 22 | **THE COURT:**  All right.  So, this is an |
| 23 | unlawful-detainer case that somehow got moved from state |
| 24 | court. |
| 25 | It has to be remanded.  There's no federal jurisdiction. |

| | |
|---|---|
| 1 | Defense of federal jurisdiction doesn't work.  It has to be a |
| 2 | federal claim that gets removed. |
| 3 | So who was it that -- you were the one that removed it. |
| 4 | **MR. SMITH:**  I removed -- (Inaudible) |
| 5 | **THE COURT:**  I don't think you should have, so I'm |
| 6 | going to give you a chance to justify it.  But -- so tell me |
| 7 | why we should keep the case here. |
| 8 | **MR. SMITH:**  In the context of circumstances, the |
| 9 | house is approximately 40 to 50 years old.  It -- it wasn't a |
| 10 | question of whether it looked nicer with paint. |
| 11 | It was -- there were trim boards on the outside of the |
| 12 | building that were rotted because they weren't painted on the |
| 13 | side that touches the siding, so they were rotting through, |
| 14 | putting holes in the siding.  And it could have caused |
| 15 | electrical faults and serious problems with the interior |
| 16 | walls. |
| 17 | So the house had to be painted, and the trim boards had to |
| 18 | be replaced.  I worked -- as a construction -- |
| 19 | **THE COURT:**  Who did that? |
| 20 | **MR. SMITH:**  I did that.  I had to.  I had no choice. |
| 21 | **THE COURT:**  You were living in the house? |
| 22 | **MR. SMITH:**  Yes. |
| 23 | **THE COURT:**  All right.  And you are the owner of the |
| 24 | house? |
| 25 | **MS. DARRIMON:**  Uh-huh. |

```
 1            MR. SMITH:  There is some unlawful -- I have a right
 2   to a remedy.  Whether it's this remedy or some other remedy, I
 3   do have -- it appears I could easily file this as an original
 4   complaint in Federal Court, under the FDCPA.
 5            THE COURT:  Maybe.  I don't -- I'm not going to say
 6   you can.  We get those kind of cases all the time.  But that's
 7   a different way to get here.
 8            MR. SMITH:  Sure.
 9            THE COURT:  Yes.
10            MS. DARRIMON:  I just have a question.
11            THE COURT:  Sure.
12            MS. DARRIMON:  He is a paralegal.  It feels like he
13   has the knowledge to just tie this up forever.  And, at what
14   point is this going to end?
15            THE COURT:  Is that true, you are a paralegal?
16            MR. SMITH:  Yes, that's correct.
17            THE COURT:  Where do you work?
18            MR. SMITH:  Um, I'm self-employed.  I work -- I've
19   worked for a few attorneys, and I do work directly with
20   clients.
21       I note that we haven't had licensed attorneys in
22   California since the 1920s, so I don't -- you know --
23            THE COURT:  We haven't had licensed what?
24            MR. SMITH:  The California Supreme Court used to
25   license attorneys.
```

```
1            THE COURT:  Yeah.

2            MR. SMITH:  The state bar is not a government agency.

3    They don't get salaries; they don't receive, you know,

4    government salaries or pensions from the State of California.

5    And they don't have a budget item in the State of California

6    for the California bar.  That appears to be affiliated with

7    the international bar, and a trade association.

8         So there are no licensed attorneys -- Attorneys have told

9    me this.  They've admitted this.

10           THE COURT:  You're saying that in the State of

11   California, we don't have licensed attorneys?

12           MR. SMITH:  No.

13           THE COURT:  Well, what do we have?

14           MR. SMITH:  Uh, members of the bar.

15           THE COURT:  Who are all these other people back there

16   (Indicating)?

17           MR. SMITH:  Members of the bar.  There certainly are

18   certified members of the bar.  But licensing has to come from

19   the state government agency.  It's -- you know, your dentist

20   isn't a member of -- isn't licensed because he is a member of

21   the American Dental Association, for example.

22           THE COURT:  So, but what's the point of that?  What

23   difference does that make?

24           MR. SMITH:  I'm just saying, you know, I work

25   directly with clients.  And, you know, I don't go through
```

```
 1   attorneys a lot.  Sometimes I do work with attorneys.

 2       The last time I worked with an attorney, they left me,

 3   owing about five -- they owed me about $500.  I still haven't

 4   collected.  So -- which is part of the reason --

 5           THE COURT:  You -- you represent people in court?

 6           MR. SMITH:  I don't, no.

 7           THE COURT:  Well, what do you do?

 8           MR. SMITH:  Prepare documents.

 9           THE COURT:  And then let them go file documents?

10           MR. SMITH:  Yes.  That's correct.

11           THE COURT:  You gin up the document, give it to the

12   client, --

13           MR. SMITH:  Yes.

14           THE COURT:  -- charge them money, and they file it in

15   court.

16           MR. SMITH:  That's correct.

17           THE COURT:  That's legal?

18           MR. SMITH:  Like I say, we haven't had licensed

19   attorneys since the 1920s.

20           THE COURT:  What other revelations do you have today?

21           MS. DARRIMON:  I couldn't hear what you just said.

22           THE COURT:  I said:  What other revelations do you

23   have about this interesting case?

24           MS. DARRIMON:  Um, I just --

25           THE COURT:  What do you do for a living?
```

```
 1   withdraw the request for fees.

 2              MS. DARRIMON:  He doesn't have the money.  It's --

 3              THE COURT:  All right.  Then I'm going to cancel the

 4   fee part.

 5       But I have a strong recommendation for the state-court

 6   judge:  That the state-court judge grant relief to the

 7   landlord in this case, and that the tenant is being

 8   unreasonable.

 9       Mr. Smith, I think you are being unreasonable.  And I'm

10   going to also refer you to the state bar for practicing law

11   without a license.

12       That will be a separate order.

13              MR. SMITH:  Okay.

14              THE COURT:  All right.  The case is over in District

15   Court.  Thank you.

16              MR. ROSS:  Thank you, Your Honor.

17              MS. DARRIMON:  Thank you.

18       (Proceedings concluded)

19

20

21

22

23

24

25
```

1

2

3

4                    **CERTIFICATE OF REPORTER**

5          I, BELLE BALL, Official Reporter for the United

6    States Court, Northern District of California, hereby certify

7    that the foregoing is a correct transcript from the record of

8    proceedings in the above-entitled matter.

9

10        /s/   Belle Ball

11                   Thursday, June 2, 2016

12            Belle Ball, CSR 8785, CRR, RDR

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 10

# EXHIBIT 10

1   Dennis D. Miller (SBN 138669)
2   Abram P. Petersen (SBN 254832)
    LUBIN OLSON & NIEWIADOMSKI LLP
3   The Transamerica Pyramid
    600 Montgomery Street, 14th Floor
4   San Francisco, California  94111
    Telephone:    (415) 981-0550
5   Facsimile:    (415) 981-4343
    dmiller@lubinolson.com
6   apetersen@lubinolson.com

7   Attorneys for Defendant
    FIRST NATIONAL BANK OF NORTHERN
8   CALIFORNIA

ENDORSED
FILED

APR 1 8 2017

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9                SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF SONOMA

11                   UNLIMITED JURISDICTION

12

13   DOUGLAS W. CATTICH,                 Case No.  SCV259999

14          Plaintiff,
                                         **ORDER SUSTAINING IN PART AND
15   v.                                  OVERRULING IN PART FIRST
                                         NATIONAL BANK OF NORTHERN
16   FIRST NATIONAL BANK OF              CALIFORNIA'S DEMURRER TO
     NORTHERN CALIFORNIA,                PLAINTIFF'S "VERIFIED SMALL
17                                       CLAIMS COMPLAINT FOR TRESPASS
            Defendant.                   ON TITLE"
18
                                         Date:      April 12, 2017
19                                       Time:      3:00 p.m.
                                         Dept.:     17
20                                       Judge:     Hon. Peter Ottenweller

21                                       Action Filed:   January 6, 2017
                                         Trial Date:     Not Set
22

23          Defendant First National Bank of Northern California's ("FNB") demurrer to

24   Plaintiff's "Verified Small Claims Complaint for Trespass on Title" (the "Demurrer") came on

25   regularly for hearing on April 12, 2017 at 3:00 p.m. in department 17 of the Superior Court of

26   California, County of Sonoma, the Honorable Peter Ottenweller, presiding.  Plaintiff Douglas W.

27   Cattich did not file nor serve any opposition to FNB's Demurrer.  On April 11, 2017, the Court

28   issued its tentative ruling stated as follows:

19120132/602182v1                          1                        Case No. SCV-259999
ORDER SUSTAINING IN PART AND OVERRULING IN PART FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA'S DEMURRER TO PLAINTIFF'S "VERIFIED SMALL CLAIMS COMPLAINT FOR TRESPASS ON TITLE"

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 83
of 95                                                                    EXHIBIT 10

1            The Demurrers are Sustained in part and Overruled in part.

2            The general demurrer on the ground that the complaint fails to state

3    facts sufficient to constitute a cause of action and the demurrer for

4    uncertainty are sustained with leave to amend. Plaintiff's allegations are

5    unclear, lack sufficient explanation of the parties' interests or relationship

6    vis-à-vis each other and the property, and at most appear to be an improper

7    attempt to put the burden on the alleged encumbrancer or creditor to prove

8    the validity of its claimed interest in the property. See *Gomes v.*

9    *Countrywide Home Loans* (2001) 192 Cal.App.4th 1149; *Debrunner v.*

10   *Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433; *Fontenot v.*

11   *Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256. Plaintiff alleges

12   nothing that would negate the validity of Defendant's claimed

13   encumbrance or interest and instead expressly states that Defendant must

14   prove this interest.

15           The demurrer for another action pending is overruled. The other

16   case, SCV-258109, *First National Bank v. Cattich*, may involve the same

17   parties and the same real property, but it does not involve the same cause of

18   action and the parties are not in the same roles.

19           Defendant shall prepare a proposed order consistent with this

20   tentative ruling and deliver it to Department 17 within ten (10) days of this

21   tentative ruling. Plaintiff shall amend its complaint within twenty (20)

22   days after the Order is filed.

23           Pursuant to Sonoma County Superior Court local Rule 5.5, plaintiff Douglas W.

24   Cattich ("Plaintiff") did not notify counsel for FNB or the Court that he requested a hearing on

25   the Court's tentative ruling. Accordingly, the Court's tentative ruling is now final.

26           Pursuant to the Court's final tentative ruling on FNB's Motion:

27           IT IS HEREBY ORDERED as follows:

28           1.    FNB's Demurrer to Plaintiff's "Verified Small Claims Complaint for

Case: 17-10199   Doc# 23-2   Filed: 04/27/17   Entered: 04/27/17 10:39:07   Page 84
of 95

1   Trespass on Title" is sustained in part and overruled in part as per the Court's tentative ruling; and

2           2.      Plaintiff shall file and serve its amended complaint within twenty (20) days

3   after this Order is entered with the Court.

4

5   Dated: April __18__, 2017                    **PETER K. OTTENWELLER**

6                                                JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     ORDER SUSTAINING IN PART AND OVERRULING IN PART FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA'S DEMURRER TO PLAINTIFF'S "VERIFIED SMALL CLAIMS COMPLAINT FOR TRESPASS ON TITLE"

# Exhibit 11

# EXHIBIT 11

1  DOUGLAS W. CATTICH
   9408 Willow Avenue
2  Cotati, CA 94931
   Ph: 1.707.246-8894
3  Email:

4

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

FEB 0 8 2017

BY
Deputy Clerk

5              SUPERIOR COURT OF CALIFORNIA

6                 COUNTY OF SONOMA

7

8  DOUGLAS W. CATTICH,          )
                                )
9          Plaintiff,           )      Case Number SV-260140
                                )
10             vs.              )      VERIFIED
                                )      COMPLAINT FOR WRONGFUL
11                              )      FORECLOSURE,
                                )
12 FIRST NATIONAL BANK OF       )
   NORTHERN CALIFORNIA,         )
13 DANIEL SERBIN,               )
   TOM MCGRAW, Docs 1-20        )
14                              )
                                )
15         Defendants           )
   ─────────────────────────────)

16

17           A. ISSUES AND STATEMENT OF THE CASE:

18 1. The book "Pieces of Eight:" describes in detail the procedures used by banks

19 when they loan money. Defendants and Claimants participated in contract and

20 commercial activity in respect to a Negotiable Instrument Note, which is attached to a

21

22 bond, which is expressly governed by Federal law and the Uniform Commercial Code,

23 which are uniform statutory laws of all of the United States of America including the

24 District of Columbia and all fifty states. Plaintiff makes the claim that the

25 instrument/obligation became voidable when the Defendants participated in fraudulent

26 and illegal activity, violating the rules and the laws under which the note/instrument

27

28                    Action to Quiet Title Page 1

1  bond is expressly governed and also violated their duty as officers sworn statutorily to

2  act within the parameters of Uniform Commercial Code, the National Bank Act and

3  other applicable statutes.

4

5  **B. SHORT PLAIN STATEMENT OF THE CLAIM**

6  2. The Defendant, FIRST NATIONAL BANK OF NORTHERN CALIFORNIA is a

7  holding company that alleges that they acquired the note and Deed of Trust from

8  AMERICA CALIFORNIA BANK, a small regional bank that was located in San

9  Francisco until that bank was acquired by FIRST NATIONAL BANK OF NORTHERN

10  CALIFORNIA, NA the promissory note, the Deed of Trust and the Business Loan

11  Agreement and the Security Agreement for the subject property was never signed by the

12  Plaintiff or anyone else, and neither was the Deed of Trust. The claim, by the Defendant

13  is that they are a mortgage creditor, and acquired the unsigned Douglas Cattich loan

14  documents as part of the corporate acquisition of AMERICA CALIFORNIA BANK,

15  which gives the Defendant, FIRST NATIONAL BANK OF NORTHERN

16  CALIFORNIA, NA a void property interest in the Plaintiff's void Deed of Trust and a

17  void note. There is no signature on these documents that matches the signature on the

18  Plaintiff's other legal documents. For example, the Plaintiff did sign the Deed of Trust

19  with Sonoma National Bank, see **Exhibit A**, attached and incorporated by reference. I

20  have included sample signatures of other documents including checks in **Exhibit A**. I

21  have shortened my signature on checks in recent years to make check signing go faster

22  and it appears this shorter version of the signature was the one that was imitated in the

23  forgeries.

24  3. The Plaintiff's signature on their bank documents and other real estate documents

25

26

27

28

Action to Quiet Title Page 2

demonstrate that the alleged Douglas Cattich signature on my sample documents is substantially different from the signature found on the promissory note and the notarized Deed of Trust that the Defendant claims that the Plaintiff signed. The Notary in Sonoma County has used a forged signature and engaged in notary fraud when he signed his name and applied his notary stamp to the document. The Defendant's predecessor-in-interest, therefore, forged the Plaintiff's name on the Deed of Trust and promissory note and a commercial loan agreement, thereby producing a series of void instruments to enforce a loan. The Defendant, and their predecessor-in-interest has violated California Penal Code § 115, making it unlawful to record a fraudulent document.

4. Although there is a clear record of the recording of the forged deed of trust, there is no record supplied by the Defendants that the Plaintiff signed the Deed of Trust. The Defendant will have to produce evidence in this matter that the notary witnessed the Plaintiff's signature. Such evidence will have to be of a character that comes up to the standards of the usual documentary evidence that is always available to be used for substantiating a notary acknowledgement. Such documentary evidence must be available in this matter.

5. As a result, the Defendant, who claimed to be the holder of the forged note and Deed of Trust, by way of an acquisition of the assets of their predecessor-in-interest by acquisition of AMERICA CALIFORNIA BANK, does not have a security interest in the subject property at 9408 Willow Avenue, Cotati, California.

6. The California Supreme Court described the deception and gross negligence that is inherent part of the acknowledgement of forged signatures by notaries. In Islin-Jefferson Financial Company v. United California Bank, 16 Cal 3d 886 (1976), the California Supreme Court stated: "Further, Minden's negligence effectively enabled

Action to Quiet Title Page 3

1  other parties to deceive plaintiff into believing that Mrs. Durkin had signed the

2  guarantee. This is precisely the kind of deception which it is the purpose of notarial

3  acknowledgments to eliminate. (See *McDonald v. Plumb* (1970) 12 Cal. App.3d 374,

4  377-378 [90 Cal. Rptr. 822], hg. den.)"

5

6       The Supreme Court in Iselin-Jefferson v. UCB, stated further:

7       " Two appellate cases decided more recently than *Heidt, McAllister* and *Ross* have

8  adopted the view that the lack of value of a forged document does not exonerate a

9  negligent notary public. In *Hemet Home Builders Assn. v. Wells, supra,* 3 Cal. App.2d

10  65, 79-80 (hg. den.), defendant notary forged the names of fictitious persons to three

11  deeds of trust received by plaintiff as security for three promissory notes and then

12  notarized the "signatures." The court held that even though the deeds of trust would have

13  been worthless, the signatures being of fictitious persons, the defendant's act of falsely

14  acknowledging the signatures proximately caused the plaintiff's loss because plaintiff

15  would not have paid out money but for the certificate of acknowledgment.

16       Similarly, in *Tutelman v. Agricultural Ins. Co., supra,* 25 Cal. App.3d 914, the court

17  found that a notary's false preparation of notes and deeds of trust and false

18  acknowledgment of these documents permitted the deeds of trust to be recorded and

19  thereby induced plaintiffs to purchase the deeds of trust. Thus, although the deeds of

20  trust were in fact worthless, the court held that the actions of the notary were a

21  proximate cause of plaintiff's injuries.

22       We conclude that the rationale of *Hemet* and *Tutelman* leads to a more

23  responsible and enlightened result in a case such as the present one. Here, Minden's

24  negligent act, in concurrence with the possible criminal conduct of other parties,

25  resulted directly and foreseeably in plaintiff's injuries. It is irrelevant to this causal nexus

26

27

28                              Action to Quiet Title Page 4

that Mrs. Durkin lacked financial resources with which to satisfy any judgment against her.

[Emphasis added.]

7. Based upon the foregoing, it is clear that forged signatures and notary misconduct in violation of California Government Code 8214 cannot form the basis for a claim by the Defendants that they have security interest in the property. It is also a felony for a Notary to notarize a forged signature.

8. The Defendant is in possession of a 2046 Balance Sheet, an internal accounting record, and a 1099 OID form that they filed with the IRS, which proves that the Douglas Cattich loan, which was assembled with forged documents, was paid in full. The attempt, by the Defendant, FIRST NATIONAL BANK OF NORTHERN CALIFORNIA to foreclose on the Douglas Cattich property located at 9408 Willow Avenue, Cotati, California, constitutes an attempt at double recovery. They have not supplied accounting records, internal memoranda, to show that the Douglas Cattich loan was acquired by FIRST NATIONAL BANK OF NORTHERN CALIFORNIA as part of their acquisition of AMERICA CALIFORNIA BANK.

9. Dan Serbin advertises himself on the internet as a notary who specializes in notarizing real estate documents for Banks and Mortgage Brokers in loan closings, see thousandsofclosings.com, where he states: Dan has completed 11,500 loan signings of all types, see **Exhibit B**, attached and incorporated by reference.

10. The original lender told the borrower that he was entering into a loan agreement that is a 30-year loan. The actual loan documents stated that there is a required balloon payment of close to $ 533,000.00. The lender, AMERICAN CALIFORNIA BANK, knew that most consumers do not read their loan documents before signing them, and

Action to Quiet Title Page 5

1   calculated that they would never agree to a final balloon payment of $ 533,000.00 after

2   ten years when they are presented with the option and if they are not lied to about the

3   nature of what they are signing, which is why the Defendants forged the signature about

4   ten days after the Plaintiff was given the unsigned loan documents.

5       11. As a result of the foregoing, FIRST NATIONAL BANK OF NORTHERN

6   CALIFORNIA, is not a note-holder, they are strangers to the transaction and not entitled

7   to enforce the note or the Deed of Trust. Only the assignee of a promissory note that was

8   signed by the borrower can enforce the note and Deed of Trust, and this can only be

9   done if they can show that the borrower signed the loan documents, the promissory note

10  and Deed of Trust.

11      12. Another case from California is instructive and illustrative of the principal that

12  foreclosure laws must be used to protect the mortgage debtor from wrongful foreclosure.

13  In California Golf v. Cooper, 163 Cal. App. 4th 1053, at 1070, (2008) the court explained

14  that the foreclosure laws in California are, in part, designed to protect the consumer. The

15  court stated:

16      "(6) "'[Civil Code sections 2924 through 2924k provide a comprehensive

17  framework for the regulation of a non-judicial foreclosure sale pursuant to a power of

18  sale contained in a deed of trust.' [Citations.] This comprehensive statutory scheme has

19  three purposes: '"(1) to provide the creditor/beneficiary with a quick, inexpensive and

20  efficient remedy against a defaulting debtor/trustor; **(2) to protect the debtor/trustor**

21  **from wrongful loss of the property; and** (3) to ensure that a properly conducted sale is

22  final between the parties and conclusive as to a bona fide purchaser." [Citations.]'

23  [Citation.]" (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1249-

24  1250 [26 Cal.Rptr.3d 413].);" (Emphasis added.)

25

26

27

28
                              Action to Quiet Title Page 6

13. Based upon the foregoing facts, FIRST NATIONAL BANK OF NORTHERN CALIFORNIA has taken action in filing a foreclosure case to obtain unlawful control and ownership of the subject property without standing.

14. The Plaintiff is not authorized to bring this action into a California Court because they lack standing for all of the reasons previously given, and in summary as follows: (1.) the Defendant never signed the note and the Deed of Trust, making both documents, including the Deed of Trust void ab-initio; (2.) Dan Serbin is not allowed to notarize a signature without witnessing the signature of the actual signer and examining his drivers license or other forms of identification pursuant to California Government Code § 8214, 8214.2, California Civil Code 1185; (3.) the signature on the AMERICA CALIFORNIA BANK Deed of Trust, see **Exhibit C**, attached and incorporated by reference, is clearly a forgery, since it does not match the other legal documents signed by the Plaintiff where we can see samples of a genuine signature of the Plaintiff in **Exhibit A**. Also the forged signature on the note and Business Loan Agreement and the Security Agreement, see **Exhibit D**, attached and incorporated by reference, do not match the Plaintiff's genuine signatures found in **Exhibit A**, attached and incorporated by reference. In addition, the date at the top of the Deed of Trust does not match the date of the alleged signature on the last page, which demonstrates that there is another artifact of the loan document forgery.

15. FIRST NATIONAL BANK OF NORTHERN CALIFORNIA lacks standing to claim to be a creditor as a non-creditor for reasons given above.

16. Thus foreclosure of the mortgage debt by the Defendants, and all of them related to the above referenced Note and Deed of Trust and Business loan Agreement and the Commercial Security Agreement, is unlawful and an act of conversion.

Case: 17-10199    Doc# 23-2    Filed: 04/27/17    Entered: 04/27/17 10:39:07    Page 93 of 95

17. The Defendants participated in the mortgage fraud by filing a foreclose civil case regarding the subject property/house that are the subject of this complaint in anticipation of a foreclosure sale, and collecting money from a defaulted mortgage loan that was never signed by the Plaintiff. The foreclosure was intentionally calculated to deceive the Plaintiffs and to misrepresent themselves as creditors.

18. There is no chain of title to the subject property, since the Defendant, FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, only holds a Deed of Trust with a forged signature. All of the subsequent correspondence from the alleged lender attempting to collect the debt, as a successor to a series of forged documents, was a predicate act of fraud and fraudulent misrepresentation. The above-described Deed of Trust fabricated by AMERICA CALIFORNIA BANK, employees, falsely presenting their forged documents as valid, was intentionally calculated to deceive the Plaintiff and to misrepresent themselves as creditors to the detriment of the Plaintiff. This calculated and willful deceit occurred on July 20, 2007, when the phony Deed of Trust was executed by an employee of AMERICA CALIFORNIA BANK, while falsely presenting the Deed of Trust as valid. This was done in order to obtain payment of the debt twice. The notary received the forged document in the mail and willingly and knowingly signed his name to the notary acknowledgment and placed his official seal on the forged document with the intent to defraud the Plaintiff. These fraudulent acts and activities misled the Plaintiff and were intentionally done and designed to unlawfully obtain title to the subject property, to the detriment of the Plaintiffs and they were done without reference to a lawful exercise of the lawful rights of the Defendants.

19. The DEED OF TRUST, discussed above, is void on its face.

Action to Quiet Title Page 8

20. These fraudulent acts are continuing and related, since they are all designed to foreclose on the subject property and to obtain possession of the subject property unlawfully. There is an ongoing effort by the defendants to obtain unlawful possession of the subject property.

21. The necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." (Molko v. Holy Spirit Assn, (1988) 46 Cal.3d 1092, 1108 [252 Cal. Rptr. 122, 762 P.2d 46]; see Seeger v. Odell (1941) 18 Cal.2d 409, 414 [115 P.2d 977, 136 A.L.R. 1291]; § 1709.)[4], see Alliance Mortgage Company v. Rothwell, 10 Cal 4th 1226 (1995). The Defendants engaged in a series of actions which constitute fraud and resulted in damages to the Plaintiff, and are thereby actionable as fraud, see Montana Dakota Utilities Company v. Northwestern Public Service Co., 341 US 246; 95 L. Ed912; 72 S. Ct. 692; Johnston v. Venturini, 294 F. 836 (CA 3) Lichtenburg v. Burdell, 101 Cal App 20; 281 P. 518; Gafney v. Graf, 73 Cal App 622, 238P 1054. The Defendants engaged in deceitful tortious acts by which false representations were made with the intent to deceive and were relied upon by the Plaintiff, which made me believe that I could not continue to live on my Willow Street property in Cotoati and that I would eventually lose my primary means of earning my income, because the Defendants were prosecuting a lawsuit against me and I did not believe that there are remedies under these circumstances. The result that the Plaintiffs were damaged by the emotional distress and the probable loss of money, loss of principal means of earning an income from my assisted living facility. Thus all of the elements of fraud are present for the fraud to be actionable, see Farrar v. Churchill, 135 US 609; 34 L. Ed. 246; 10 S. Ct. 771; Stewart v

Action to Quiet Title Page 9