Dennis D. Miller (SBN 138669)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@lubinolson.com

Attorneys for Secured Creditor
FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>DOUGLAS WAYNE CATTICH,<br><br>    Debtor. | Case No. 17-10199-AJ<br><br>Chapter 13<br><br>**FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S *EX PARTE* APPLICATION TO SPECIALLY SET HEARING ON FNB'S MOTION TO CONVERT CASE TO CHAPTER 7, OR ALTERNATIVELY DISMISS DEBTOR'S CHAPTER 13 CASE**<br><br>**[No Hearing Required]** |

      Secured Creditor First National Bank of Northern California ("FNB") respectfully submits this ex parte application (the "Application") to the Court to request that FNB's Motion To Convert Case to Chapter 7, or Alternatively Dismiss Debtor's Chapter 13 Case (the "Motion") remain for hearing on June 2, 2017, as has been noticed by FNB. For the reasons set forth in the Motion and herein, FNB believes holding the hearing on the Motion on June 2, 2017 will be in the most efficient administration of this estate.

      1.    This Chapter 13 case is not the traditional bankruptcy case filed by a delinquent home owner or an individual attempting to recover from unexpected financial

19120126/604433v1      1      Case No. 17-10199-AJ
FNB'S *EX PARTE* APPLICATION TO SPECIALLY SET HEARING ON MOTION TO CONVERT CASE TO CHAPTER 7, OR ALTERNATIVELY DISMISS DEBTOR'S CHAPTER 13 CASE

Case: 17-10199    Doc# 27    Filed: 05/08/17    Entered: 05/08/17 15:41:50    Page 1 of 3

problems. This case involves foreclosure litigation over a secured loan to Douglas W. Cattich ("Debtor") from FNB's predecessor America California Bank ("ACB") ten years ago and which matures on July 11, 2017. Debtor operates an assisted care facility at the premises subject to the Deed of Trust, collateral for the loan. FNB acquired ACB in September 2015.

2. As noted in FNB's Motion, Debtor has commenced multiple cases against FNB, one officer and its counsel alleging forgery in the execution of the loan documents. However, Debtor has paid 9 years of loan payments with never any protest, written or otherwise, to ACB alleging he did not take out the loan, did not take the loan funds. It is only at the maturing of the loan does Debtor now contend without any evidence, oral or written that he wanted a 30 year loan not a 10 year loan. Debtor also refuses to respond to FNB's discovery in state court and had one order to compel issued prior to the filing of this bankruptcy case.

3. As shown further in FNB's Motion, Debtor is ineligible to be a chapter 13 debtor under 11 U.S.C. Section 109(e) as his secured debts greatly exceed the statutory limits. This is proven by FNB even though Debtor has filed incomplete and completely empty schedules. Debtor has also filed a plan with no provisions for payment of any creditors, secured or unsecured, nor does the plan have any provisions for payment of any amounts to the chapter 13 Trustee. There are currently pending three objections to the confirmation of Debtor's plan by three secured creditors, of which one is FNB.

4. Further, FNB has just learned that Debtor has taken one deposition of a party to one of the state court actions, but Debtor failed to give notice to all other parties, including FNB. *See*, Declaration of Dennis D. Miller, filed concurrently herewith, "Miller Dec. " ¶ 3. Debtor also files pleadings in the state court cases without service on the other parties. Miller Dec., ¶ 2.

5. After filing the Motion, FNB was contacted by this Court to advise FNB that the Motion should be noticed for hearing on June 14, 2017, the Chapter 13 calendar hearing date. Miller Dec., ¶ 4. FNB informed the Court that it would prefer to have the Motion heard on June 2, 2017, as this would be the most efficient date for the Chapter 13 Trustee and FNB and the other secured creditors.

19120126/604433v1     2     Case No. 17-10199-AJ
FNB'S *EX PARTE* APPLICATION TO SPECIALLY SET HEARING ON MOTION TO CONVERT CASE TO CHAPTER 7, OR ALTERNATIVELY DISMISS DEBTOR'S CHAPTER 13 CASE

Case: 17-10199    Doc# 27    Filed: 05/08/17    Entered: 05/08/17 15:41:50    Page 2 of 3

6. The Plan Confirmation hearing date is June 14, 2017. It is FNB's contention that factual and legal grounds exist for conversion of the case to Chapter 7 or dismissal such that hearing FNB's Motion on June 2, 2017, will reduce the time of the Chapter 13 Trustee and the legal expenses which will unnecessarily be incurred by having all parties prepare for a plan confirmation hearing in case that is not a valid Chapter 13 case.

7. FNB has conferred with the Chapter 13 Trustee's office and while it is the Trustee's practice that all Chapter 13 motions be heard on the Chapter 13 calendar, no opposition was expressed to having FNB's Motion heard on June 2 and the Trustee's office confirmed it would appear by telephone. Miller Dec., ¶ 5.

8. Based on the FNB Motion and this Application, FNB requests the Court issue its order providing that FNB's Motion be heard on June 2 at 10:00 a.m. with briefing pursuant to Local Rule 9014-1(c) as noticed, and for such other and further relief the Court deems appropriate.

Dated: May 8, 2017  LUBIN OLSON & NIEWIADOMSKI LLP

By: */s/ Dennis D. Miller*
Dennis D. Miller
Attorneys for Secured Creditor
FIRST NATIONAL BANK OF NORTHERN CALIFORNIA